KYLE BERRY, a Minor, by his Father and Next Friend, John Berry, *et al.*, Plaintiffs-Appellees, v. ELECTROLUX HOME PRODUCTS, INC., Defendant-Appellant (Sears Roebuck and Company, Defendant).

First District (1st Division)    No. 1—03—2854

Opinion filed September 20, 2004, *nunc pro tunc* May 18, 2004.

Dennis J. Powers, of Piper Rudnick, L.L.P., of Chicago, and James M. Brogan and Nancy Shane Rappaport, both of Piper Rudnick, L.L.P., of Philadelphia, Pennsylvania, for appellant.

Michael W. Rathsack, of Chicago (Jack L. Kramer and Michael W. Rathsack, of counsel), for appellees.

PRESIDING JUSTICE CAHILL delivered the opinion of the court:
. Plaintiff John Berry filed a complaint in the circuit court of Cook County, seeking recovery from Electrolux Home Products, Inc., and

Sears Roebuck and Company for injuries his son Kyle Berry received in a lawn tractor accident at the Berry family home in Michigan. Electrolux filed, and the circuit court denied, a motion to dismiss the case from Cook County under the doctrine of *forum non conveniens*. Electrolux petitioned this court for leave to appeal under Supreme Court Rule 306(a)(2). 166 Ill. 2d R. 306(a)(2). We granted the petition and now affirm the judgment of the circuit court.

In 2001, Kyle, then a toddler, was injured when his mother ran over him while operating a lawn tractor designed and manufactured by Electrolux and sold by Sears. Electrolux has its principal place of business in Ohio. The lawn tractor was manufactured in South Carolina and purchased in Michigan. Sears is based in Cook County, Illinois.

The Berrys filed their amended complaint in Cook County in 2003, naming Sears and Electrolux as defendants. Earlier, Sears had filed a motion to dismiss the action on *forum non conveniens* grounds, but the trial court denied the motion and Sears did not appeal. Electrolux then filed its own motion to dismiss based on *forum non conveniens*, arguing that either Michigan or South Carolina was a better forum.

The trial court denied Electrolux's motion in a written memorandum opinion and order, concluding "[Electrolux] has not met its burden as the relevant factors for consideration[,] when viewed in their totality, do not strongly favor the suggested forums." The judge wrote, "[w]hile most if not all the occurrence witnesses do reside in Michigan, several hundred miles from this courthouse, this product liability action will require the testimony of many experts and representatives of manufacturers who reside in neither Illinois [nor] Michigan." The judge noted that although the accident occurred in Michigan, both Sears and Electrolux conduct business and sell lawn tractors in Cook County, Illinois. The judge considered the fact that a trial in Illinois would preclude the jury viewing the accident site, but determined the problem was surmountable because the lawn tractor could be transported to Cook County for the jury to view. The trial judge conceded that some factors weighed against a trial in Cook County. She considered that the Illinois court would be required to apply Michigan law and that the Cook County docket is more congested than the dockets in Michigan, but she concluded that those factors did not strongly favor dismissal when viewed under the totality of the circumstances.

A trial court has broad discretion in granting or denying a motion for dismissal on the grounds of *forum non conveniens*. *Ferguson v. Bill Berger Associates, Inc.*, 302 Ill. App. 3d 61, 70, 704 N.E.2d 830 (1998). The task of the reviewing court is to determine only if the trial court

abused its discretion. *Ferguson*, 302 Ill. App. 3d at 70. A court abuses its discretion when no reasonable person would share its view. *Ferguson*, 302 Ill. App. 3d at 70.

On appeal, Electrolux argues that "a reasonable balancing of private and public interests in this case firmly establishes that this dispute properly belongs before a Michigan court."

■ Under section 2—101 of the Code of Civil Procedure (Code), an action generally must be commenced: (1) in the county of residence of any defendant who is joined in good faith or (2) in the county where the cause of action arose. 735 ILCS 5/2—101 (West 2000). If more than one potential forum exists, the equitable doctrine of *forum non conveniens* may be invoked to determine the most appropriate forum based on fairness and convenience. *Griffith v. Mitsubishi Aircraft International, Inc.*, 136 Ill. 2d 101, 105, 554 N.E.2d 209 (1990).

The doctrine of *forum non conveniens* allows "a trial court to decline jurisdiction in the exceptional case where trial in another forum with proper jurisdiction and venue 'would better serve the ends of justice.' " *First American Bank v. Guerine*, 198 Ill. 2d 511, 515, 764 N.E.2d 54 (2002), quoting *Vinson v. Allstate*, 144 Ill. 2d 306, 310, 579 N.E.2d 857 (1991).

■ The private interests of the plaintiff are to be considered. *Guerine*, 198 Ill. 2d at 517. The plaintiff's choice of forum is entitled to deference because he or she "has a substantial interest in choosing the forum where his [or her] rights will be vindicated." *Guerine*, 198 Ill. 2d at 517. The plaintiff's choice of forum rarely should be disturbed unless the circumstances strongly favor the defendant's choice. *Guerine*, 198 Ill. 2d at 517. Where, as here, the plaintiff does not live in and the accident did not occur in the chosen forum, the plaintiff's choice of forum "receives *somewhat* less deference." (Emphasis added.) *Guerine*, 198 Ill. 2d at 517. As the trial judge stated in her written opinion, "*less* deference does not equate with *no* deference." (Emphasis in original.)

■ The private interests to be considered include: "(1) the convenience of the parties; (2) the relative ease of access to sources of testimonial, documentary, and real evidence; and (3) all other practical problems that make trial of a case easy, expeditious, and inexpensive *** [including] the ability to view the premises (if appropriate)." *Guerine*, 198 Ill. 2d at 516. The public interests to be considered include: "(1) the interest in deciding localized controversies locally; (2) the unfairness of imposing the expense of a trial and the burden of jury duty on residents of a county with little connection to the litigation; and (3) the administrative difficulties presented by adding further litigation to court dockets in already congested fora." *Guerine*, 198 Ill.

2d at 516-17. None of these factors is dispositive and the trial court must evaluate the totality of the circumstances to determine whether the balance of the factors strongly favors transfer. *Guerine*, 198 Ill. 2d at 518.

■ Here, it is clear from the memorandum opinion and order that the trial judge considered the appropriate private and public factors and concluded that the factors did not weigh so strongly in favor of another forum that the matter should not be heard in Cook County. An action may be initiated in the county of residence of any defendant joined in good faith under section 2—101 of the Code. 735 ILCS 5/2—101 (West 2000). Sears is such a defendant and is resident in Cook County. Cook County is an appropriate venue for this case.

Electrolux argues on appeal, as it did before the trial court, that *Dawdy v. Union Pacific R.R. Co.*, 207 Ill. 2d 167, 797 N.E.2d 687 (2003), requires this trial to be held outside Cook County. In *Dawdy*, an intrastate venue case, the supreme court determined that the circuit court abused its discretion when it denied Union Pacific's motion to transfer the case from Dawdy's chosen forum in Madison County. *Dawdy*, 207 Ill. 2d at 185. Union Pacific wanted the trial to be held in the adjacent Macoupin County, where the traffic accident at issue occurred. *Dawdy*, 207 Ill. 2d at 185. In addition to weighing the public and private interest factors established in earlier cases (*Dawdy*, 172 Ill. 2d at 172-73), the supreme court addressed the issue of forum shopping, a practice not favored by the courts (*Dawdy*, 172 Ill. 2d at 174). While the supreme court based its reversal in *Dawdy* on the fact that none of the witnesses resided in Madison County and Macoupin County had a predominant connection to the case, it held, "where the potential trial witnesses are scattered among several counties, including the plaintiff's chosen forum, and no single county enjoys a predominant connection to the litigation, the plaintiff may not be deprived of his or her chosen forum." *Dawdy*, 207 Ill. 2d at 183-84, citing *Guerine*, 198 Ill. 2d at 526.

Here, potential trial witnesses are scattered among several states, including Illinois. No single jurisdiction enjoys a *predominant* connection to the litigation and, under *Dawdy* and *Guerine*, the Berrys may not be deprived of their chosen forum. While at first glance Michigan may appear to be more convenient, after considering the totality of the circumstances we cannot say that the trial court reached an unreasonable conclusion in allowing the Berrys to remain in their chosen forum. The judgment of the trial court is affirmed.

Affirmed.

WOLFSON, P.J., and GARCIA, J., concur.