NOTICE

Decision filed 08/17/06. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

NO. 5-05-0379

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

_____

| | |
|---|---|
| PETER WOODWARD and BARBARA WOODWARD, | ) Appeal from the ) Circuit Court of ) Madison County. |
| Plaintiffs-Appellees, | ) |
| | ) |
| v. | ) No. 01-L-1712 |
| | ) |
| BRIDGESTONE/FIRESTONE, INC., FORD MOTOR COMPANY, and BRIDGESTONE CORPORATION, | ) ) ) |
| | ) Honorable ) Phillip J. Kardis, |
| Defendants-Appellants. | ) Judge, presiding. |

_____

JUSTICE HOPKINS delivered the opinion of the court:

The plaintiffs, Peter and Barbara Woodward, filed a products-liability action in the circuit court of Madison County against the defendants, Bridgestone/Firestone, Inc. (Bridgestone/Firestone), Ford Motor Company (Ford), and Bridgestone Corp. (Bridgestone), as a result of a vehicle accident that occurred in Australia. The defendants appeal the circuit court's order transferring this case from Madison County to Macon County, Illinois, on the grounds of *forum non conveniens*. The defendants contend that the proper forum for this case is Australia. We affirm.

FACTS

On November 15, 2001, the plaintiffs, who are Australian citizens, alleged claims of negligence, strict liability, misrepresentation, and willful and wanton conduct against the defendants for injuries Peter sustained in a vehicle accident and for Barbara's loss of consortium. The plaintiffs alleged that on November 16, 1999, while Peter was driving along

1

a highway in Australia, his Firestone tire delaminated, Peter lost control of the Ford Explorer he was driving, and the Explorer rolled over and was struck by another vehicle. Peter's passenger was killed, and Peter was thrown from the Explorer and suffered injuries. Because Peter was unable to work after the accident, his once successful electric services company suffered severe financial hardship.

The plaintiffs alleged that the accident resulted from the combination of a defective rollover-and-roof-crush-prone Ford Explorer and a defective Firestone tire. Peter's Ford Explorer was manufactured in St. Louis, Missouri. Peter's Firestone tire was manufactured in August 1996 by Bridgestone/Firestone at the Firestone production plant formerly operated in Macon County, Illinois. At the time the plaintiffs filed their complaint, similar Firestone tires produced at the Macon County plant were the subject of a voluntary recall.

Bridgestone is a Japanese corporation with its principal place of business in Tokyo, Japan. Bridgestone is the parent company of its wholly owned subsidiary, Bridgestone/Firestone. Bridgestone/Firestone is a United States corporation formed after Bridgestone acquired Firestone Tire and Rubber Company in 1988. Bridgestone/Firestone was organized under the laws of Ohio and maintains its principal executive offices in Tennessee. Ford is also a United States corporation, was organized under the laws of Delaware, and maintains its principal executive offices in Michigan. Bridgestone/Firestone and Ford do business in Macon County, as well as throughout the State of Illinois.

In interrogatory responses, the plaintiffs disclosed 29 potential Australian witnesses, including occurrence witnesses, police, and physicians. Two of the eyewitnesses, Steven Arthur Ken Dau and Kym Allen Wright, were involved in a second collision that occurred after the initial rollover. Dau arrived at the scene shortly after the rollover and flashed his vehicle's high-beam headlights at oncoming traffic as a warning that the plaintiffs' vehicle was stopped on the roadway. Wright thereafter struck the plaintiffs' vehicle.

On March 14, 2002, Firestone and Ford filed a motion to dismiss on the grounds of *forum non conveniens*, and Bridgestone joined the motion on January 7, 2003. The defendants alleged that the plaintiffs were residents of Australia, that Peter's business purchased and regularly serviced the Ford Explorer at a Ford dealer in Australia, that the accident occurred in Australia, and that the case had no connection with Madison County, the State of Illinois, or the United States.

In their memorandum in opposition to the defendants' motion to dismiss, the plaintiffs asserted that their claims arose from the defendants' design, manufacture, testing, and failure to recall the defective tires and vehicles and that these actions occurred at various locations in the United States. The plaintiffs listed "key witnesses" in Illinois (employees, from the closed Firestone Decatur (Macon County, Illinois) plant that manufactured the tire that resulted in Peter's injuries, who could testify to manufacturing problems at the plant and directions received at the plant from Bridgestone's visiting advisors); in California (Professor Sanjay Govinjee, materials science professor whom Firestone publicly hired to examine and report root causes of tire failure); in Florida (former manager of Firestone's Macon County, Illinois, plant); in Ohio (technical employees of Firestone's technical center, employees who reported testing and survey results that tread separations were increasing, employees familiar with belt-gauge reduction, defense experts who examined the tire in question, employees involved in the design and testing of the tire, and Firestone employees with whom Ford contracted to do J-turn simulation testing of the Explorer's stability); in Tennessee (Firestone statisticians and executives who monitored tire adjustment data on increased tread separations and made recall decisions); in Michigan (Ford statisticians who monitored and analyzed rollover data, Ford technical employees who tested Explorers, Ford technical personnel who recommended fixes for the Explorer's rollover propensity that were not adopted by Ford, Ford employees who made decisions not to widen the Explorer chassis and

3

thereby minimize the rollover problem, and Ford personnel involved in arranging for lower tire pressure recommendations that exacerbated the tire-delaminating problem); in Georgia (the plaintiffs' tire expert who examined the tire in question); and in Arizona (the location where Ford asked the plaintiffs to send the tire in question for examination by its expert).

The plaintiffs also asserted that relevant defense documents numbered in the millions and were maintained in document depositories in the United States. The plaintiffs asserted that the defendants' expert in Ohio was inspecting the tire at issue and had not yet returned it. (The record indicates that the tire was shipped from Tire Consultants, Inc., in Georgia, to James Hicks, of the product-analysis department of Bridgestone in Ohio, per instructions from a New York firm.) The plaintiffs noted that the Ford Explorer was sold for scrap and was no longer in existence.

A hearing on the defendants' motion to dismiss was held on May 26, 2005. At the hearing, the circuit court stated that the case had no connection to Madison County, but the court requested that the plaintiffs state their choice of forum for a transfer. The plaintiffs' choice was Macon County, Illinois. The circuit court then entered its order transferring this case to the circuit court of Macon County, Illinois.

On June 27, 2005, the defendants petitioned this court for leave to appeal, and on August 3, 2005, this court denied the defendants' petition. On December 1, 2005, the Illinois Supreme Court, in the exercise of its supervisory authority, directed this court to vacate its August 3, 2005, order and allow the defendants' petition for leave to appeal. *Woodward v. Bridgestone/Firestone, Inc.*, 217 Ill. 2d 595 (2005). On December 28, 2005, this court granted the defendants' petition for leave to appeal pursuant to Supreme Court Rule 306(a) (Official Reports Advance Sheet No. 26 (December 24, 2003), R. 306(a), eff. January 1, 2004).

4

ANALYSIS

On appeal, the defendants argue that the circuit court abused its discretion in transferring this dispute to Macon County, Illinois. The defendants argue that Australia, not Macon County, is the most convenient forum to try this case.

The Illinois venue statute provides that an action must be commenced (1) in the county of residence of any defendant who is joined in good faith and with probable cause for the purpose of obtaining a judgment against that defendant and not solely for the purpose of fixing venue in that county or (2) in the county in which the transaction or some part thereof occurred out of which the cause of action arose. 735 ILCS 5/2-101 (West 2004). If more than one potential forum exists, the court may invoke the doctrine of *forum non conveniens* to determine the most appropriate forum. *Dawdy v. Union Pacific R.R. Co.*, 207 Ill. 2d 167, 171 (2003).

*Forum non conveniens* is an equitable doctrine founded in considerations of fundamental fairness and sensible and effective judicial administration and allows a circuit court to decline jurisdiction in the exceptional case where a trial in another forum with proper jurisdiction and venue would better serve the ends of justice. *First American Bank v. Guerine*, 198 Ill. 2d 511, 515 (2002). "The trial court is vested with considerable discretion in its determination of whether transfer is warranted on the basis of *forum non conveniens* principles." *Peile v. Skelgas, Inc.*, 163 Ill. 2d 323, 336 (1994). We will reverse the trial court's decision only if the court abused its discretion, *i.e.*, if it acted arbitrarily, failed to employ conscientious judgment, or ignored recognized principles of law. *Peile*, 163 Ill. 2d at 336; *Roberts v. Illinois Power Co.*, 311 Ill. App. 3d 458, 461 (2000); see also *Dawdy*, 207 Ill. 2d at 177 (an abuse of discretion will be found where no reasonable person would take the view adopted by the trial court). Courts should exercise their discretion to dismiss a case in favor of a more convenient forum only in exceptional circumstances. *Langenhorst v. Norfolk*

*Southern Ry. Co.*, 219 Ill. 2d 430, 442 (2006).

In resolving *forum non conveniens* questions, the circuit court must balance private-interest factors affecting the convenience of the parties and public-interest factors affecting the administration of the court. *Bland v. Norfolk & Western Ry. Co.*, 116 Ill. 2d 217, 223-24 (1987). Private-interest factors include the convenience of the parties; the relative ease of access to sources of testimonial, documentary, and real evidence; and all other practical considerations that make the trial of a case easy, expeditious, and inexpensive–for example, the availability of compulsory process to secure the attendance of unwilling witnesses, the cost to obtain the attendance of willing witnesses, and the ability to view the premises, if appropriate. *Guerine*, 198 Ill. 2d at 516; *Peile*, 163 Ill. 2d at 337. Public-interest factors include having localized controversies decided in the local forum, administrative concerns, including the congestion of court dockets, and the imposition of jury duty upon residents of a county with little connection to the litigation. *Peile*, 163 Ill. 2d at 337. "The doctrine of *forum non conveniens* is a flexible one which requires evaluation of the total circumstances rather than concentration on any single factor." *Peile*, 163 Ill. 2d at 336-37.

The rationale underlying the doctrine of *forum non conveniens* is as valid on an intrastate basis as it is on an interstate basis. *Torres v. Walsh*, 98 Ill. 2d 338, 350 (1983). Likewise, the public- and private-interest factors are relevant considerations for both interstate and intrastate *forum non conveniens* analyses. *Guerine*, 198 Ill. 2d at 517. When the issue involves intrastate *forum non conveniens*, the focus of the court's inquiry is whether the case is being litigated in the most convenient county. *Ellis v. AAR Parts Trading, Inc.*, 357 Ill. App. 3d 723, 740-41 (2005); *Lambert v. Goodyear Tire & Rubber Co.*, 332 Ill. App. 3d 373, 378 (2002). When a court addresses the issue of interstate *forum non conveniens*, the focus of the inquiry is whether Illinois is an appropriate state to litigate the controversy. *Kwasniewski v. Schaid*, 153 Ill. 2d 550, 553 (1992); *Ellis*, 357 Ill. App. 3d at 740; *Lambert*,

332 Ill. App. 3d at 377-78. We recognize that convenience, the touchstone of the *forum non conveniens* doctrine, has a different meaning today because we are connected by interstate highways, bustling airways, telecommunications, and the world wide web. *Guerine*, 198 Ill. 2d at 525.

A plaintiff has a substantial interest in choosing the forum where his rights will be vindicated, and unless the public- and private-interest factors weigh strongly in favor of a dismissal, the plaintiff's choice of forum should rarely be disturbed. *Gridley v. State Farm Mutual Automobile Insurance Co.*, 217 Ill. 2d 158, 170 (2005); *Guerine*, 198 Ill. 2d at 517; *Peile*, 163 Ill. 2d at 337; *Cook v. General Electric Co.*, 146 Ill. 2d 548, 557 (1992). We give deference to the plaintiff's choice of forum because a plaintiff's right to select the forum is substantial, but the plaintiff's choice of forum is not entitled to the same weight in all cases. *Dawdy*, 207 Ill. 2d at 173. When the plaintiff chooses his home forum or the site of the accident or injury, it is reasonable to assume that this choice is convenient. *Gridley*, 217 Ill. 2d at 170; *Dawdy*, 207 Ill. 2d at 173. A foreign plaintiff's choice deserves less deference. *Gridley*, 217 Ill. 2d at 170; *Dawdy*, 207 Ill. 2d at 174. However, in most cases, the plaintiff's choice of forum will prevail, provided that the venue is proper and the inconvenience factors attached to that forum do not greatly outweigh the plaintiff's substantial right to try the case in a chosen forum. *Langenhorst*, 219 Ill. 2d at 443; *Peile*, 163 Ill. 2d at 335-36.

The burden is on a defendant to show that the relevant factors strongly favor the defendant's choice of forum. *Golden Rule Insurance Co. v. Olson*, 233 Ill. App. 3d 760, 767 (1992). A defendant must show that the plaintiff's chosen forum is not convenient to the defendant and that another forum is more convenient to all the parties. *Guerine*, 198 Ill. 2d at 518. A defendant cannot assert that the plaintiff's chosen forum is inconvenient to the plaintiff. *Guerine*, 198 Ill. 2d at 518. Unless the defendant demonstrates that the relevant factors overwhelmingly favor a dismissal, the court should deny the defendant's motion.

7

*Langenhorst*, 219 Ill. 2d at 444.

Private-Interest Factors

The defendants argue that Australia is a more convenient forum because approximately 29 witnesses, including occurrence witnesses and treating medical personnel, are located in Australia and because sources of proof, other than the design evidence available in the United States, are available in Australia. The plaintiffs counter that because the sources of proof, records, and witnesses on the defective-products issues are located in Illinois and throughout the United States, the private-interest factors do not strongly support a dismissal from Illinois in favor of an Australian forum.

In the present case, the plaintiffs' injury (the vehicle collision) occurred in Australia, and the plaintiffs are residents of Australia. We accord plaintiffs less deference when the chosen forum is one other than the one where they reside or the one where the injury occurred. See *Langenhorst*, 219 Ill. 2d at 448. We recognize, however, that the present case involves not only the personal injury that occurred in Australia but also issues of products liability involving the allegedly defective condition of the Firestone tire, manufactured in Macon County, Illinois, and the Ford Explorer, manufactured in St. Louis, Missouri, prior to their transfer to Australia. See *Ellis*, 357 Ill. App. 3d at 743; *Mowen v. Illinois Valley Supply Co.*, 257 Ill. App. 3d 712, 717 (1994) (in considering the practical problems that make a trial easy, expeditious, and inexpensive, we must keep in mind that this case is a major products-liability case as opposed to an ordinary tort action involving a vehicle collision).

Approximately 29 potential witnesses, including occurrence witnesses and medical personnel, are located in Australia. However, because of the American manufacture of the products, most of the witnesses related to the design, testing, and accident rates of the products are in the United States. See *In re Bridgestone/Firestone, Inc.*, 190 F. Supp. 2d 1125, 1139-40 n.18 (S.D. Ind. 2002) ("Because so much of the design of Firestone tires took

8

place in the United States, a great deal of the evidence concerning alleged design defects is also here"). The record demonstrates that the witnesses on key design and defect issues are scattered throughout the United States and are located in Decatur, Illinois; Oakland, California; Brandenton or Miami, Florida; Akron, Ohio; Nashville, Tennessee; Dearborn, Michigan; Hazelwood, Missouri; Alpharetta, Georgia; and Arizona. Thus, virtually all the manufacturers' witnesses will be required to travel to court regardless of the venue. See *Dykstra v. A.P. Green Industries, Inc.*, 326 Ill. App. 3d 489, 495 (2001); *Hefner v. Owens-Corning Fiberglas Corp.*, 276 Ill. App. 3d 1099, 1104 (1995). The potential trial witnesses are scattered among different forums, including the plaintiffs' chosen forum, and no single forum enjoys a predominant connection to the litigation. See *Guerine*, 198 Ill. 2d at 526.

Similarly, while the documents involving the accident are located in Australia, the documents with regard to the design, manufacture, and recall of the products are located in the United States. See *In re Bridgestone/Firestone, Inc.*, 190 F. Supp. 2d at 1142 (millions of documents have been produced by Ford and Firestone into the document depositories in the United States for this multidistrict litigation). Nonetheless, the location of documents is not significant because documents can be transported with ease and at little expense. See *Hayes v. Fireman's Fund Mortgage Corp.*, 272 Ill. App. 3d 271, 278 (1995) (the location of documents is becoming an increasingly less significant factor in *forum non conveniens* analysis because documents can be transported with ease and at little expense).

The Ford Explorer at issue was scrapped. However, the Firestone tire at issue is located in Ohio and has been examined by experts from both sides in the United States.

As for the compulsory process of unwilling witnesses and the cost of obtaining the attendance of willing witnesses, these factors do not strongly favor a dismissal of the action. See *Ellis*, 357 Ill. App. 3d at 743. The compulsory process of unwilling witnesses weighs equally against Macon County, Illinois, and Australia. See *Ellis*, 357 Ill. App. 3d at 743. If

9

the case remains in Illinois, witnesses in Australia are not compelled to come to the United States; and if the forum is changed to Australia, American witnesses are not compelled to appear in Australia. See *Ellis*, 357 Ill. App. 3d at 743-44. We note that Ford and Bridgestone/Firestone, both United States corporations, may produce their own employees for a deposition or a trial without the benefit of subpoenas. *In re Bridgestone/Firestone, Inc.*, 190 F. Supp. 2d at 1141 n.23.

Although the possibility of having the jury view the scene of the accident weighs in favor of Australia, where the accident occurred, this case involves more than the occurrence of the collision. It involves issues about the design, manufacture, and recall of the allegedly defective tire and vehicle, both of which were manufactured and designed in the United States.

We also note that the defendants' counsel of record have offices in Illinois. Although not a significant factor, we may consider it in our analysis. See *Mowen*, 257 Ill. App. 3d at 717.

The defendants argue that if the case remains in Illinois, they will be forced to forgo asserting third-party claims against Wright, Dau, and others or they will be forced to file suit against them in Australia. However, it would have been premature for the circuit court to remove the case on the basis that a third-party cause of action may be filed, because the defendants have not filed such an action and the record contains no indication that they plan to do so. See *Ellis*, 357 Ill. App. 3d at 746 n.5. Further, the defendants do not contest the plaintiffs' contention that, pursuant to Australian law, the statute of limitations for such a third-party action expired on November 16, 2005.

We do not find that the importance of the evidence remaining in Australia outweighs that of the evidence relating to the products-liability issue, which is in the United States, including Illinois. See *In re Bridgestone/Firestone, Inc.*, 190 F. Supp. 2d at 1140, 1151 (the

10

amount of evidence in Columbia or Venezuela that related to a particular plaintiff's injuries was less than the amount of evidence needed to determine whether the Explorer and/or the tires were defective and weighed in favor of retaining jurisdiction in the United States). Accordingly, the private-interest factors do not weigh strongly in favor of a dismissal.

Public-Interest Factors

The defendants argue that the public-interest factors weigh strongly in favor of a dismissal because this case involves a wholly foreign dispute that should be adjudicated in Australia. We disagree.

Because of the nature of this products-liability action, this is not a localized case with the need to access local sources of proof; it is a case with international implications. See *Dykstra*, 326 Ill. App. 3d at 496; *Hefner*, 276 Ill. App. 3d at 1108. Australia has an interest in protecting those who use its highways and an interest in determining the damages payable to those injured in the accidents. However, Ford and Bridgestone/Firestone are American corporations with extensive foreign business dealings, and the American interest in this case extends beyond the general notion that our corporations can be held accountable in United States courts for injuries caused to foreign nationals. *In re Bridgestone/Firestone, Inc.*, 190 F. Supp. 2d at 1146. "American interest in Ford and Firestone's investigations of these accidents has been high, on the theory that had the public and the relevant government agencies known of the problems sooner, fewer deaths and serious injuries would have occurred on U.S. highways." *In re Bridgestone/Firestone, Inc.*, 190 F. Supp. 2d at 1146. Illinois's interest in these cases is not unrelated to the interest of the United States as a whole. See *In re Bridgestone/Firestone, Inc.*, 190 F. Supp. 2d at 1146 n.31.

Thus, while the forum where the injury occurred "generally has a strong interest in the outcome of litigation, this general rule does not necessarily apply to cases involving complex products liability issues." *Hefner*, 276 Ill. App. 3d at 1106 (the plaintiff's forum choice

11

prevailed because of the nature of asbestos litigation and because the case was not truly connected to any one county but had nationwide implications). Australia and Macon County have an equal interest in deciding the controversy surrounding the allegedly defective tire and vehicle involved in the accident. Although the accident occurred in Australia, the State of Illinois and, specifically, Macon County have a strong public interest in ensuring the safety of products manufactured in their forums. See *Ellis*, 357 Ill. App. 3d at 747; see also *Dawdy*, 207 Ill. 2d at 183.

With regard to the factor of court congestion, the defendants offered no evidence to demonstrate that Australia would resolve this case more quickly. We reiterate that the defendants must show that the plaintiffs' chosen forum is inconvenient to the defendants and that another forum is more convenient to all the parties. See *Guerine*, 198 Ill. 2d at 518.

It is reasonable to burden the residents of Macon County, Illinois, with jury duty, because the plaintiffs' action is based on allegedly defective products, both of which were sold within Illinois and one of which was manufactured in Macon County, Illinois. Accordingly, Illinois has a significant interest in the dispute, and it would be fair to burden the Macon County residents with jury duty. See *Dawdy*, 207 Ill. 2d at 183.

The defendants contend, and the plaintiffs do not dispute, that Australian law will apply to this case. Although that is an important factor to consider in a *forum non conveniens* analysis, we do not find it dispositive. See *Grant v. Starck*, 96 Ill. App. 3d 297, 304 (1981) (choice-of-law considerations cannot be deemed dispositive, in light of other relevant connections the litigation may have with the forum). An Illinois court is competent to determine which law applies to this controversy and to apply the law of Australia, if necessary. See *In re Bridgestone/Firestone, Inc.*, 190 F. Supp. 2d at 1148 (courts must guard against an excessive reluctance to undertake the task of deciding foreign law).

Accordingly, the public-interest factors do not strongly support a dismissal in favor of

the defendants' requested forum of Australia.

After considering the totality of the circumstances, we cannot say that the trial court reached an unreasonable conclusion in transferring the action to Macon County and rejecting the defendants' request to dismiss in favor of an Australian forum. See *Berry v. Electrolux Home Products, Inc.*, 352 Ill. App. 3d 731 (2004) (Cook County was an appropriate forum where a Michigan resident injured in Michigan by a lawn tractor, manufactured in South Carolina and purchased in Michigan, filed a products-liability action against Electrolux, based in Ohio, and Sears, based in Cook County, because both Sears and Electrolux conduct business and sold lawn tractors in Cook County). The balance of private- and public-interest factors does not strongly favor a dismissal in favor of an Australian forum. See *Guerine*, 198 Ill. 2d at 526.

The doctrine of *forum non conveniens* does not mandate a dismissal based upon a defendant's showing of criteria that connect the case with another possible venue that the plaintiff might have selected. See *Walker v. American River Transportation*, 277 Ill. App. 3d 87, 89 (1996). Even though the plaintiffs are Australian residents and the injury occurred in Australia, the design, manufacture, and recall of the allegedly defective products occurred in various parts of the United States, including Macon County, Illinois. Because the parties, witnesses, and documents are scattered among Australia and this country, including Macon County, Illinois, and no single forum enjoys a predominant connection to the litigation, we decline to deprive the plaintiffs of their chosen forum. See *Dawdy*, 207 Ill. 2d at 183-84; *Guerine*, 198 Ill. 2d at 526; *Peile*, 163 Ill. 2d at 336.

Although the circuit court failed to set forth the reasons underlying its refusal to dismiss this case in favor of an Australian forum, the record supports the circuit court's decision. Accordingly, we find that the circuit court did not abuse its discretion in denying the defendants' motion to dismiss.

13

CONCLUSION

For the foregoing reasons, we affirm the order of the circuit court of Madison County.


Affirmed.


WELCH and CHAPMAN, JJ., concur.

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━

| | |
|---|---|
| PETER WOODWARD and<br>BARBARA WOODWARD, | ) Appeal from the<br>) Circuit Court of<br>) Madison County. |
|     Plaintiffs-Appellees, | )<br>) |
| v. | ) No. 01-L-1712<br>) |
| BRIDGESTONE/FIRESTONE, INC., FORD<br>MOTOR COMPANY, and BRIDGESTONE<br>CORPORATION, | )<br>)<br>) Honorable<br>) Phillip J. Kardis, |
|     Defendants-Appellants. | ) Judge, presiding. |

━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━

**Opinion Filed**: August 17, 2006

━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━

**Justices**: Honorable Terrence J. Hopkins, J.

Honorable Thomas M. Welch, J., and
Honorable Melissa A. Chapman, J.,
Concur

━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━

**Attorneys**
**for**
**Appellants**

Michael J. Kanute, Jennifer E. Miller, Holland & Knight, LLC, 131 South Dearborn Street, 30th Floor, Chicago, IL 60603; Larry E. Hepler, Burroughs, Hepler, Broom, MacDonald & Hebrank, 2 Mark Twain Plaza, Edwardsville, IL 62025 (for Bridgestone/Firestone, Inc.)

Fred E. Schulz, Wildman, Harrold, Allen & Dixon, LLP, 225 West Wacker Drive, Suite 3000, Chicago, IL 60606; Michael J. Nester, Donovan, Rose, Nester & Joley, P.C., 8 East Washington Street, Belleville, IL 62220-2190 (for Bridgestone Corp.)

John J. Krivicich, Karen Kies DeGrand, Charles S. Ofstein, Donohue Brown Mathewson & Smyth LLC, 140 South Dearborn Street, Suite 700, Chicago, IL 60603; Craig Unrath, Robert H. Shultz, Jr., Heyl, Royster, Voelker & Allen, P.C., 103 West Vandalia Street, Suite 100, Edwardsville, IL 62025 (for Ford Motor Company)

━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━

**Attorneys**
**for**
**Appellees**

Brad Friedman, Anne Marie Vu, Milberg Weiss Bershad & Schulman LLP, One Pennsylvania Plaza, New York, NY 10119; Mark C. Goldenberg, Elizabeth V. Heller, Goldenberg, Miller, Heller & Antognoli, P.C., 2227 S. State Route 157, P.O. Box 959, Edwardsville, IL 62025

━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━