# Illinois Official Reports

## Appellate Court

*Doe v. International Psychoanalytical Ass'n*, 2015 IL App (1st) 140410

| | |
|---|---|
| Appellate Court Caption | JANE DOE, Plaintiff-Appellee, v. INTERNATIONAL PSYCHOANALYTICAL ASSOCIATION, Defendant-Appellant. |
| District & No. | First District, Fifth Division<br>Docket No. 1-14-0410 |
| Opinion filed | December 31, 2014 |
| Opinion withdrawn Modified | March 25, 2015 |
| opinion filed | March 27, 2015 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | In an action filed in Illinois for intentional and negligent infliction of emotional distress and tortious interference with prospective economic advantage arising from the publication of sensitive clinical information pertaining to plaintiff by a psychoanalyst who was a member of defendant psychological association that made a presentation at a conference held by defendant in which she used the information as an example, the trial court properly dismissed defendant's motion to dismiss the action based on *forum non conveniens* seeking to transfer the case to Venezuela, which was the residence of both plaintiff and the psychoanalyst but was also a forum that did not recognize plaintiff's cause of action, since the trial court did not abuse its discretion in balancing the relevant public and private interest factors. |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 13-L-005649; the Hon. Moira S. Johnson, Judge, presiding. |
| Judgment | Affirmed. |

Counsel on
Appeal

Abram Moore, of K&L Gates LLP, of Chicago, for appellant.

Leon Zelechowski, Ltd., of Chicago, for appellee.

Panel

JUSTICE GORDON delivered the judgment of the court, with opinion.
Presiding Justice Palmer and Justice Reyes concurred in the judgment and opinion.

**OPINION**

BACKGROUND

I. Parties

The plaintiff is a Venezuela resident who was a patient of psychoanalyst Alicia Leisse de Lustgarten (Ms. Leisse), who also lives and practices in Venezuela. At the time of the events that led to the filing of this lawsuit, plaintiff was a postgraduate student in clinical community psychology working as a clinical therapist at an agency dealing with abused women in Venezuela. There is no evidence that she has ever been in Chicago or in the United States.

The defendant is a not-for-profit corporation incorporated in England and Wales, with its principal place of business in London, England. Its only contact with Illinois was a conference that it held in Chicago in May 2009 for mental health providers where Ms. Leisse, a member of the board of representatives of defendant, made a presentation and used plaintiff's unauthorized sensitive clinical material as an example, which defendant later published on the defendant's website in England without using plaintiff's name.

II. Cause of Action

Plaintiff filed this action against defendant for intentional infliction of emotional distress, negligent infliction of emotional distress, and tortious interference with prospective economic advantage, claiming that as a direct result of the publication of plaintiff's sensitive clinical material, people in her community could easily identify her, causing her to withdraw from her professional community and suffer mental distress and anguish, creating a diagnosis of post-traumatic stress disorder.

III. Posture of Case in Illinois

After defendant filed a motion to dismiss based on *forum non conveniens*, seeking a transfer to Venezuela, the circuit court denied the motion. Defendant then filed a petition for leave to appeal pursuant to Illinois Supreme Court Rule 306(a)(2) (eff. Feb. 16, 2011), which this court granted, and this interlocutory appeal follows.

ANALYSIS

This is an interlocutory appeal, taken pursuant to Supreme Court Rule 306. The rule provides in relevant part:

"(a) *** A party may petition for leave to appeal to the Appellate Court from the following orders of the trial court:

***

(2) from an order of the circuit court allowing or denying a motion to dismiss on the grounds of *forum non conveniens* ***." Ill. S. Ct. R. 306(a)(2) (eff. Feb. 16, 2011).

This court granted defendant's petition for leave to appeal the trial court's denial of its *forum non conveniens* motion.

## I. *Forum Non Conveniens* Doctrine

¶ 12 *Forum non conveniens* is an "equitable doctrine founded in considerations of fundamental fairness and the sensible and effective administration of justice." *Langenhorst v. Norfolk Southern Ry. Co.*, 219 Ill. 2d 430, 441 (2006); *Gridley v. State Farm Mutual Automobile Insurance Co.*, 217 Ill. 2d 158, 169 (2005). This doctrine permits a trial court to transfer a case when "trial in another forum 'would better serve the ends of justice.' " *Langenhorst*, 219 Ill. 2d at 441 (quoting *Vinson v. Allstate*, 144 Ill. 2d 306, 310 (1991)); *Gridley*, 217 Ill. 2d at 169.

¶ 13 The burden is on the party asking for the dismissal to show that the relevant factors " 'strongly favor' " transfer. (Emphasis omitted.) *Langenhorst*, 219 Ill. 2d at 442 (quoting *Griffith v. Mitsubishi Aircraft International, Inc.*, 136 Ill. 2d 101, 108 (1990)); *Woodward v. Bridgestone/Firestone, Inc.*, 368 Ill. App. 3d 827, 833 (2006) (in product liability case where vehicle accident was in Australia with an Australian plaintiff, burden was on defendant to show factors strongly favoring transfer to Australia); *Ellis v. AAR Parts Trading, Inc.*, 357 Ill. App. 3d 723 (2005) (in product liability case where airplane crash was in the Philippines with Philippine decedents, burden was on defendant to show factors strongly favoring transfer to the Philippines).

¶ 14 "A trial court is afforded considerable discretion in ruling on a *forum non conveniens* motion." *Langenhorst*, 219 Ill. 2d at 441. An appellate court will reverse a circuit court's decision on a *forum non conveniens* motion only if the "defendants have shown that the circuit court abused its discretion in balancing the relevant factors." *Langenhorst*, 219 Ill. 2d at 442; *Gridley*, 217 Ill. 2d at 169; *Dawdy v. Union Pacific R.R. Co.*, 207 Ill. 2d 167, 176-77 (2003). The Illinois Supreme Court has stated: "A circuit court abuses its discretion in balancing the relevant factors only where no reasonable person would take the view adopted by the circuit court." *Langenhorst*, 219 Ill. 2d at 442; *Gridley*, 217 Ill. 2d at 169; *Dawdy*, 207 Ill. 2d at 177.

¶ 15 The issue, then, is not what decision we would have reached if we were reviewing the facts on a clean slate, but whether the trial court acted in a way that no reasonable person would. We find, in the case at bar, that a reasonable person could certainly have taken the view adopted by the trial court.

## II. Plaintiff's Choice of Forum

¶ 17 Before weighing the relevant factors, a court must first decide how much deference to give to a plaintiff's choice of forum. *Langenhorst*, 219 Ill. 2d at 448 (the supreme court determined the appropriate amount of deference, before weighing the relevant factors).

¶ 18 In the case at bar, the trial court reasonably accorded some deference to plaintiffs' choice of forum. Normally, the plaintiff's choice of forum is a "substantial" factor in deciding a *forum*

*non conveniens* motion. *Dawdy*, 207 Ill. 2d at 173; *Griffith v. Mitsubishi Aircraft International, Inc.*, 136 Ill. 2d 101, 106 (1990). However, the Illinois Supreme Court has stated that where the plaintiff chooses a forum other than where she resides, her choice "is not entitled to the same weight" as the choice of her home forum. *Dawdy*, 207 Ill. 2d at 173-76; *Gridley*, 217 Ill. 2d at 170. In the case at bar, plaintiff is Venezuelan. Thus, her selection of a foreign forum "deserves less deference." *Griffith*, 136 Ill. 2d at 106 (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255-56 (1981)); *Langenhorst*, 219 Ill. 2d at 448; *Gridley*, 217 Ill. 2d at 170.

¶ 19    However, less deference is not the same as no deference. *First American Bank v. Guerine*, 198 Ill. 2d 511, 518 (2002) (" 'the deference to be accorded is only *less*, as opposed to *none*' " (emphases in original) (quoting *Elling v. State Farm Mutual Automobile Insurance Co.*, 291 Ill. App. 3d 311, 318 (1997))); *Ellis v. AAR Parts Trading, Inc.*, 357 Ill. App. 3d 723, 741 (2005) (less deference "does not equal no deference"). See also *Langenhorst*, 219 Ill. 2d at 448 (plaintiff's choice of a foreign forum was "entitled to *somewhat* less deference" (emphasis in original) (citing *Guerine*, 198 Ill. 2d at 517 ("somewhat less deference"))). Thus, in the case at bar, the trial court reasonably accorded some deference to plaintiff's choice of a forum.

¶ 20                                  III. Private Interest Factors

¶ 21    The Illinois Supreme Court has held that a court must consider both "the private and public interest factors" in deciding a *forum non conveniens* motion. *Langenhorst*, 219 Ill. 2d at 443; *Gridley*, 217 Ill. 2d at 170; *Dawdy*, 207 Ill. 2d at 172-73. The private interest factors include: " '(1) the convenience of the parties; (2) the relative ease of access to sources of testimonial, documentary, and real evidence; and (3) all other practical problems that make trial of a case easy, expeditious, and inexpensive.' " *Langenhorst*, 219 Ill. 2d at 443 (quoting *Guerine*, 198 Ill. 2d at 516); *Gridley*, 217 Ill. 2d at 170; *Dawdy*, 207 Ill. 2d at 172.

¶ 22                                  A. Convenience of the Parties

¶ 23    Defendant failed to provide a single affidavit stating that it would be inconvenient to litigate this matter in Cook County, Illinois, and that a Venezuelan court is much more convenient. In the instant case, plaintiff resides in Venezuela but selects Illinois as her designated forum. Defendant's not-for-profit corporation is incorporated in both England and Wales, with its principal place of business in London, England. Ms. Leisse, who is not a party to this lawsuit, but who could be an important witness, resides in Venezuela. Defendant's employees who processed certain forms to defendant certifying that her presentation did not include any sensitive clinical material are located in England. Additionally, defendant's employees who managed the website where the audio file from the Chicago presentation was published are also located in England. Dr. Abel Feinstein, the chair of defendant's program committee for the conference in Chicago, who ultimately requested that the audio file be removed from defendant's website, resides in Argentina.

¶ 24    The circuit court found that because Chicago was the site of where the tortious conduct initiated, plaintiff's choice of forum is convenient. To be perfectly correct, the tortious conduct by defendant caused injury to plaintiff when it placed the sensitive material on its website in England. However, the events that led up to the placement of the material on its website did occur in Chicago, where the sensitive matter was first published.

¶ 25    In addition, plaintiff's damage witnesses would all probably be residing in Venezuela, but that may not reflect on defendant's burden of showing that the private and public interest

- 4 -

factors strongly favor transferring the action to Venezuela when defendant fails to file an affidavit to show that it is likely to call those witnesses in its case in chief. As part of defendant's burden, it must show that plaintiff's chosen forum is inconvenient to defendant and that another forum is more convenient to all parties. Defendant cannot merely assert that plaintiff's chosen forum is inconvenient to plaintiff. *Guerine*, 198 Ill. 2d at 518. Unless the balance of factors strongly favors a defendant's choice of forum, the plaintiff's choice of forum should rarely be disturbed. *Langenhorst*, 219 Ill. 2d at 444.

¶ 26    Defendant admits that its employees in England can give testimony in Illinois as easily as Venezuela. Thus, there is no real inconvenience for defendant if this case remains in Cook County, Illinois.

¶ 27                              B. Ease of Access to Evidence

¶ 28    The second private factor, the relative ease of access to sources of testimonial, documentary, and real evidence, also does not shift the balance of this *forum non conveniens* analysis in favor of a Venezuela court.

¶ 29    This court acknowledges that when witnesses are scattered throughout several countries, there may not be one predominant country and thus transfer should be denied. A trial court does not abuse its discretion in denying a motion to transfer when most of the potential trial witnesses are scattered and no single country enjoys a predominant connection to the litigation. *Ammerman v. Raymond Corp.*, 379 Ill. App. 3d 878, 886 (2008) (citing *Langenhorst*, 219 Ill. 2d at 453). In this case, witnesses are scattered between Venezuela, England, and Argentina.

¶ 30                              C. All Other Practical Problems

¶ 31    The third private factor that the courts consider refers to all other practical problems, which includes the process of securing unwilling witnesses. The defendant has provided no affidavit to show that there is an unwilling witness who would be unwilling to appear or that the unwilling witness could not be compelled to appear through the law of international treaties. Defendant argues that the parties will endure great expense in litigating the matter in Cook County, Illinois, but does not show the court how that expense will diminish for defendant if the case proceeded in Venezuela.

¶ 32    As for the compulsory process of unwilling witnesses and the cost of obtaining the attendance of willing witnesses, these factors do not strongly favor dismissal in favor of Venezuela. "If the case remains in Illinois, witnesses in [Venezuela] are not compelled to come to the United States; and if the forum is changed to [Venezuela], American witnesses [or witnesses from other countries] are not compelled to appear in [Venezuela]." *Woodward*, 368 Ill. App. 3d at 835 ("Venezuela" substituted for "Australia"); *Ellis*, 357 Ill. App. 3d at 743-44.

¶ 33    Similarly, while some of the documents and records may be in Venezuela, nonetheless, the location of documents and records has become a less significant factor in *forum non conveniens* analysis in the modern age of email, Internet, telefax, copying machines, and worldwide delivery services, since they can now be easily copied and sent. *Woodward*, 368 Ill. App. 3d at 834.

¶ 34    Observing correctly that potential witnesses and evidence was scattered among different countries, the trial court concluded that this factor did not tilt in favor of any one forum. We cannot find that this conclusion was an abuse of discretion. *Woodward*, 368 Ill. App. 3d at 834

(where potential witnesses are "scattered among different forums," no one forum can be said to be more convenient); *Ellis*, 357 Ill. App. 3d at 747; *Berbig v. Sears Roebuck & Co.*, 378 Ill. App. 3d 185, 188 (2007).

¶ 35    Lastly, the court must consider all the other " 'practical problems that make trial of a case easy, expeditious, and inexpensive.' " *Langenhorst*, 219 Ill. 2d at 443 (quoting *Guerine*, 198 Ill. 2d at 516). Both plaintiff's and defendant's attorneys maintain offices in Cook County. The Illinois Supreme Court has stated that while little weight should be accorded this factor, a court may still consider it in the *forum non conveniens* analysis. *Dawdy*, 207 Ill. 2d at 179; *Woodward*, 368 Ill. App. 3d at 836.

¶ 36    In sum, the private interest factors, when considered in light of all relevant facts and evidence in the record, do not strongly weigh in favor of transfer to Venezuela. We now turn to the relevant public interest factors in our *forum non conveniens* analysis.

¶ 37                          IV. Public Interest Factors

¶ 38    When deciding a *forum non conveniens* motion, a court must also consider the public interest factors. These factors include: "(1) the interest in deciding controversies locally; (2) the unfairness of imposing trial expense and the burden of jury duty on residents of a forum that has little connection to the litigation; and (3) the administrative difficulties presented by adding litigation to already congested court dockets." *Langenhorst*, 219 Ill. 2d at 443-44 (citing *First American Bank v. Guerine*, 198 Ill. 2d 511, 516-17 (2002)); *Gridley*, 217 Ill. 2d at 170; *Dawdy*, 207 Ill. 2d at 173.

¶ 39    The trial court evaluated the first two public factors together, which included the interest in deciding the alleged controversy locally and the unfairness of imposing the expense of a trial and the burden of jury duty on residents of a county with little connection to the litigation. We will also decide these two public factors together. Defendant's own "Code of Ethical Principles" requires that all "psychoanalysts shall respect the confidentiality of their patients' information and documents." In addition, all medical providers are subject to this duty when in Illinois, and Cook County jurors certainly have an interest in deciding abuses of this duty. When the information was first presented by Ms. Leisse in Cook County and later published by defendant on its website in London, England, it became the interest of fair-minded people. These types of cases are not localized, because they have international implications concerning a person's right to privacy on matters disclosed to medical providers.

¶ 40    Defendant claimed that the trial court erred by refusing to conduct an abbreviated choice-of-law analysis and further claims that the substantive Venezuelan law would apply in this case. We agree.

¶ 41    The Illinois Supreme Court set forth the rules for determining choice-of-law questions. The court instructed that the reviewing court will apply the "most significant contacts" rule, as the local law which has the most significant relationship with the occurrence and with the parties. When we apply this to a multicountry defamation case, the country of most significant relationship will usually be the country where the person allegedly defamed was domiciled at the time. *Ingersoll v. Klein*, 46 Ill. 2d 42, 48 (1970). The same standard should apply to the unauthorized publication of sensitive personal material.

¶ 42    This concept is based on the Restatement (Second) of Conflict of Laws § 150(2) (1971), which states: "When a natural person claims that he has been defamed by an aggregate

communication, the state of most significant relationship will usually be the state where the person was domiciled at the time, if the matter complained of was published in that state." Applying this concept to multicountry publication of unauthorized sensitive material, the place of the greatest potential injury to the reputation of the plaintiff will be the place where plaintiff lives and works, which is Venezuela.

¶ 43    The need to apply the law of a foreign jurisdiction has been considered a significant factor favoring dismissal of a suit on grounds of *forum non conveniens*. *Moore v. Chicago & North Western Transportation Co.*, 99 Ill. 2d 73, 80 (1983). However, it is also a significant factor that the publication of plaintiff's unauthorized sensitive clinical material first originated in Illinois, which is a hub for international conventions and presentations. As such, Illinois has a strong interest in maintaining some order in the manner in which those in the international conventions and presentations treat innocent people. Illinois also has a strong interest in making sure that, especially in this century and in the future, concepts of fairness and justice prevail in our communities and in our country. We know what a litigant can expect in our courts, but know not what happens in the courts of other countries. Although the administration of Venezuelan law in this case will not be easy for the trial court, our experience dictates that our courts will do their best to provide both sides a fair and just trial.

¶ 44    Thus, we cannot find that the trial court's error by refusing to conduct an abbreviated choice-of-law analysis, which finds that Venezuelan law should be applied, is enough to dismiss this case for *forum non conveniens* or for this court to say that the trial court abused its discretion.

¶ 45    Comparative congestion in the respective courts is not a factor in the issue before us. Defendant offered no evidence that there is less congestion in Venezuelan courts; it has not even named the specific forum in Venezuela that it believes should handle this case. *Woodward*, 368 Ill. App. 3d at 836 (this factor received little weight where defendants "offered no evidence" of less court congestion in their proposed forum); *Berbig v. Sears Roebuck & Co.*, 378 Ill. App. 3d 185, 189 (2007) ("court congestion is a relatively insignificant factor, especially where the record does not show the other forum would resolve the case more quickly"). In addition, our supreme court has held that "[w]hen deciding *forum non conveniens* issues, the trial court is in the better position to assess the burdens on its own docket." *Langenhorst*, 219 Ill. 2d at 451. Thus, we cannot find that the trial court abused its discretion in giving this factor little weight.

¶ 46                                    V. Balancing the Factors

¶ 47    In deciding a *forum non conveniens* motion, the trial court "must balance the private and public interest[ ]" factors. *Dawdy*, 207 Ill. 2d at 172; *Gridley*, 217 Ill. 2d at 169-70. The balancing should be done "without emphasizing any one factor." *Langenhorst*, 219 Ill. 2d at 443; *Gridley*, 217 Ill. 2d at 169; *Dawdy*, 207 Ill. 2d at 180. "On review, the trial court's decision will be reversed only if *** the court abused its discretion in balancing the relevant factors." *Dawdy*, 207 Ill. 2d at 176-77; *Griffith*, 136 Ill. 2d at 106.

¶ 48    In the case at bar, we find that the trial court did not abuse its discretion in balancing the relevant factors. First, plaintiff's choice of forum merited some deference, although she chose a foreign forum. Second, the private and public interest factors did not weigh strongly in favor of transfer. *Langenhorst*, 219 Ill. 2d at 433 (affirming the denial of a motion to transfer the case to the accident site, even though plaintiff's chosen forum was neither the accident site nor the

site of her residence); *Woodward*, 368 Ill. App. 3d at 837-38 (affirming denial of a motion to transfer product liability case, even though plaintiffs' chosen forum was neither the accident site nor the site of their residence); *Ellis*, 357 Ill. App. 3d at 748 (affirming denial of a motion to transfer product liability case, even though plaintiffs' chosen forum was neither the site of the airplane crash nor the decedents' residence).

¶ 49                                           CONCLUSION

¶ 50        For the foregoing reasons, we affirm the trial court's order denying defendant's motion to dismiss on *forum non conveniens* grounds. As discussed above, defendant moved to dismiss only in favor of an action in Venezuela. We find that the trial court did not abuse its discretion in finding that Venezuela was not a more convenient forum.

¶ 51        Since we find that the trial court did not abuse its discretion in denying defendant's motion on this basis, we do not decide whether Venezuela was an adequate available forum.

¶ 52        Affirmed.