2021 IL App (1st) 210234-U

FOURTH DIVISION
December 30, 2021

No. 1-21-0234

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE APPELLATE COURT
OF ILLINOIS
FIRST JUDICIAL DISTRICT

_____

| | |
|---|---|
| ANDREA BEARDEN and BRANDON BANKS, Plaintiffs-Appellees, v. CONAGRA FOODS, INC.; CONAGRA BRANDS, INC.; DS CONTAINERS, INC.; and FULL-FILL INDUSTRIES, LLC, Defendants-Appellants.— | ) ) ) ) ) | Appeal from the Circuit Court of Cook County |
| | ) | Nos. 19 L 4885, 19 L 5068, |
| TAMMY REESE, Plaintiff-Appellee, v. CONAGRA FOODS, INC.; CONAGRA BRANDS, INC.; DS CONTAINERS, INC.; and FULL-FILL INDUSTRIES, LLC, Defendants-Appellants.— | ) ) ) ) ) | 19 L 5785, 19 L 6144, 19 L 6730, 19 L 6733, 19 L 6825, 19 L 6826, 19 L 7472, 19 L 7473, 19 L 7474, 19 L 7475, |
| MARYANN GOLDMAN, Plaintiff-Appellee, v. CONAGRA FOODS, INC.; CONAGRA BRANDS, INC.; DS CONTAINERS, INC.; and FULL-FILL INDUSTRIES, LLC, Defendants-Appellants.— | ) ) ) ) ) | 19 L 7478, 19 L 7809, 19 L 10434, 19 L 10436, 19 L 10437, 19 L 10438, 19 L 10439, 19 L 10440, 19 L 10441, 19 L 10442, |
| RAVEEN SUGANTHARAJ, Plaintiff-Appellee, v. CONAGRA FOODS, INC.; CONAGRA BRANDS, INC.; DS CONTAINERS, INC.; and FULL-FILL INDUSTRIES, LLC, Defendants-Appellants.— | ) ) ) ) ) | 19 L 10443, 19 L 10444, 19 L 10446, 19 L 10447, 19 L 10449, 19 L 10450, 19 L 10453, 19 L 10480, 20 L 1119, 20 L 1120, |
| REVERIANO DURAN, Plaintiff-Appellee, v. CONAGRA FOODS, INC.; CONAGRA BRANDS, INC.; DS CONTAINERS, INC.; and FULL-FILL INDUSTRIES, LLC, Defendants-Appellants.— | ) ) ) ) ) ) | 20 L 1130, 20 L 1132, 20 L 1133, 20 L 1134, 20 L 1135, 20 L 1139, 20 L 5046 |
| Y'TESIA TAYLOR, Plaintiff-Appellee, v. CONAGRA FOODS, INC.; CONAGRA BRANDS, INC.; DS CONTAINERS, INC.; and FULL-FILL INDUSTRIES, LLC, Defendants-Appellants.— | ) ) ) ) ) | Honorable Kathy M. Flanagan, Judge Presiding. |

1-21-0234

|  | )
| JACOB DALTON and PAYTENE PIVONKA, Plaintiffs-Appellees, v. CONAGRA FOODS, INC.; CONAGRA BRANDS, INC.; DS CONTAINERS, INC.; and FULL-FILL INDUSTRIES, LLC, Defendants-Appellants.— | ) ) ) ) |
|  | ) |
| MARIA MARIANI, Plaintiff-Appellee, v. CONAGRA FOODS, INC.; CONAGRA BRANDS, INC.; DS CONTAINERS, INC.; and FULL-FILL INDUSTRIES, LLC, Defendants-Appellants.— | ) ) ) ) |
|  | ) |
| CHALLIS BUCK, Plaintiff-Appellee, v. CONAGRA FOODS, INC.; CONAGRA BRANDS, INC.; DS CONTAINERS, INC.; and FULL-FILL INDUSTRIES, LLC, Defendants-Appellants.— | ) ) ) ) |
|  | ) |
| ASHLEY BUCKENMEYER-BRAATZ, Plaintiff-Appellee, v. CONAGRA FOODS, INC.; CONAGRA BRANDS, INC.; DS CONTAINERS, INC.; and FULL-FILL INDUSTRIES, LLC, Defendants-Appellants.— | ) ) ) ) |
|  | ) |
| KAMRAN ALI, Plaintiff-Appellee, v. CONAGRA FOODS, INC.; CONAGRA BRANDS, INC.; DS CONTAINERS, INC.; and FULL-FILL INDUSTRIES, LLC, Defendants-Appellants.— | ) ) ) ) |
|  | ) |
| BRIANNA KRAEMER-BURNS and BRITTANY KRAEMER-BURNS, Plaintiffs-Appellees, v. CONAGRA FOODS, INC.; CONAGRA BRANDS, INC.; DS CONTAINERS, INC.; and FULL-FILL INDUSTRIES, LLC, Defendants-Appellants.— | ) ) ) ) ) |
|  | ) |
| MARCO RIVERA, Plaintiff-Appellee, v. CONAGRA FOODS, INC.; CONAGRA BRANDS, INC.; DS CONTAINERS, INC.; and FULL-FILL INDUSTRIES, LLC, Defendants-Appellants.— | ) ) ) ) |
|  | ) |
| BRANDON COX, Plaintiff-Appellee, v. CONAGRA FOODS, INC.; CONAGRA BRANDS, INC.; DS CONTAINERS, INC.; and FULL-FILL INDUSTRIES, LLC, Defendants-Appellants.— | ) ) ) ) |
|  | ) |
| SHARLIE PROUTY, Plaintiff-Appellee, v. CONAGRA FOODS, INC.; CONAGRA BRANDS, INC.; DS CONTAINERS, INC.; and FULL-FILL INDUSTRIES, LLC, Defendants-Appellants.— | ) ) ) ) |

MARCO ROJAS; BRYAN AUCAPINA; and MARIA ALEXANDRA MAZA, as Next Friend of MARIABELEN JIMBO, a minor child, Plaintiffs-Appellees, v. CONAGRA FOODS, INC.; CONAGRA BRANDS, INC.; DS CONTAINERS, INC.; and FULL-FILL INDUSTRIES, LLC, Defendants-Appellants.—

EDWARD OLIVER, Plaintiff-Appellee, v. CONAGRA FOODS, INC.; CONAGRA BRANDS, INC.; DS CONTAINERS, INC.; and FULL-FILL INDUSTRIES, LLC, Defendants-Appellants.—

KAREN NELSON, Plaintiff-Appellee, v. CONAGRA FOODS, INC.; CONAGRA BRANDS, INC.; DS CONTAINERS, INC.; and FULL-FILL INDUSTRIES, LLC, Defendants-Appellants.—

PHIL MCGOVERN, Plaintiff-Appellee, v. CONAGRA FOODS, INC.; CONAGRA BRANDS, INC.; DS CONTAINERS, INC.; and FULL-FILL INDUSTRIES, LLC, Defendants-Appellants.—

MARK LIVESEY, Plaintiff-Appellee, v. CONAGRA FOODS, INC.; CONAGRA BRANDS, INC.; DS CONTAINERS, INC.; and FULL-FILL INDUSTRIES, LLC, Defendants-Appellants.—

VASHANNA HICKMAN, Plaintiff-Appellee, v. CONAGRA FOODS, INC.; CONAGRA BRANDS, INC.; DS CONTAINERS, INC.; and FULL-FILL INDUSTRIES, LLC, Defendants-Appellants.—

MARGARET HENDRIX, Plaintiff-Appellee, v. CONAGRA FOODS, INC.; CONAGRA BRANDS, INC.; DS CONTAINERS, INC.; and FULL-FILL INDUSTRIES, LLC, Defendants-Appellants.—

SHONDA GOODMAN, Plaintiff-Appellee, v. CONAGRA FOODS, INC.; CONAGRA BRANDS, INC.; DS CONTAINERS, INC.; and FULL-FILL INDUSTRIES, LLC, Defendants-Appellants.—

LARRY MULANAX, Plaintiff-Appellee, v. CONAGRA FOODS, INC.; CONAGRA BRANDS, INC.; DS

CONTAINERS, INC.; and FULL-FILL INDUSTRIES,　　)
LLC, Defendants-Appellants.—　　)
　　)
DEANA ADOLPHSON, Plaintiff-Appellee, v. CONAGRA　　)
FOODS, INC.; CONAGRA BRANDS, INC.; DS　　)
CONTAINERS, INC.; and FULL-FILL INDUSTRIES,　　)
LLC, Defendants-Appellants.—　　)
　　)
JESSICA GOLDBERG and BARBARA MULHOLLAND,　　)
Plaintiffs-Appellees, v. CONAGRA FOODS, INC.;　　)
CONAGRA BRANDS, INC.; DS CONTAINERS, INC.;　　)
and FULL-FILL INDUSTRIES, LLC, Defendants-　　)
Appellants.—　　)
　　)
WILFRED BALLESTER, Plaintiff-Appellee, v.　　)
CONAGRA FOODS, INC.; CONAGRA BRANDS, INC.;　　)
DS CONTAINERS, INC.; and FULL-FILL INDUSTRIES,　　)
LLC, Defendants-Appellants.—　　)
　　)
LINDA CUZZONE, Plaintiff-Appellee, v. CONAGRA　　)
FOODS, INC.; CONAGRA BRANDS, INC.; DS　　)
CONTAINERS, INC.; and FULL-FILL INDUSTRIES,　　)
LLC, Defendants-Appellants.—　　)
　　)
ANNA KAYE-WEST, Plaintiff-Appellee, v. CONAGRA　　)
FOODS, INC.; CONAGRA BRANDS, INC.; DS　　)
CONTAINERS, INC.; and FULL-FILL INDUSTRIES,　　)
LLC, Defendants-Appellants.—　　)
　　)
JAMES ROBERTS, Plaintiff-Appellee, v. CONAGRA　　)
FOODS, INC.; CONAGRA BRANDS, INC.; DS　　)
CONTAINERS, INC.; and FULL-FILL INDUSTRIES,　　)
LLC, Defendants-Appellants.—　　)
　　)
SHANNON BROWN, Plaintiff-Appellee, v. CONAGRA　　)
FOODS, INC.; CONAGRA BRANDS, INC.; DS　　)
CONTAINERS, INC.; and FULL-FILL INDUSTRIES,　　)
LLC, Defendants-Appellants.—　　)
　　)
ROCHELLE AUSTIN, Plaintiff-Appellee, v. CONAGRA　　)
FOODS, INC.; CONAGRA BRANDS, INC.; DS　　)
CONTAINERS, INC.; and FULL-FILL INDUSTRIES,　　)
LLC, Defendants-Appellants.—　　)
　　)
JOHN DEMBOWSKI, Plaintiff-Appellee, v. CONAGRA　　)
FOODS, INC.; CONAGRA BRANDS, INC.; DS　　)

CONTAINERS, INC.; and FULL-FILL INDUSTRIES, )
LLC, Defendants-Appellants.— )
)
LAVONIA HEMBREE, Plaintiff-Appellee, v. CONAGRA )
FOODS, INC.; CONAGRA BRANDS, INC.; DS )
CONTAINERS, INC.; and FULL-FILL INDUSTRIES, )
LLC, Defendants-Appellants.— )
)
SHIRLEY MASSON, Plaintiff-Appellee, v. CONAGRA )
FOODS, INC.; CONAGRA BRANDS, INC.; DS )
CONTAINERS, INC.; and FULL-FILL INDUSTRIES, )
LLC, Defendants-Appellants.— )
)
SHARON TOOMEY, Plaintiff-Appellee, v. CONAGRA )
FOODS, INC.; CONAGRA BRANDS, INC.; DS )
CONTAINERS, INC.; and FULL-FILL INDUSTRIES, )
LLC, Defendants-Appellants.— )
)
CHRISTOPHER WRIGHT, Plaintiff-Appellee, v. )
CONAGRA FOODS, INC.; CONAGRA BRANDS, INC.; )
DS CONTAINERS, INC.; and FULL-FILL INDUSTRIES, )
LLC, Defendants-Appellants.— )
)
RICHARD O'HAVER, Plaintiff-Appellee, v. CONAGRA )
FOODS, INC.; CONAGRA BRANDS, INC.; DS )
CONTAINERS, INC.; and FULL-FILL INDUSTRIES, )
LLC, Defendants-Appellants.— )
)
JENNA PINION, Plaintiff-Appellee, v. CONAGRA )
FOODS, INC.; CONAGRA BRANDS, INC.; DS )
CONTAINERS, INC.; and FULL-FILL INDUSTRIES, )
LLC, Defendants-Appellants. )

PRESIDING JUSTICE REYES delivered the judgment of the court.
Justices Rochford and Martin concurred in the judgment.

**ORDER**

¶ 1     *Held*:        Affirming the circuit court's denial of defendants' combined motion to dismiss and transfer pursuant to *forum non conveniens* where the circuit court did not abuse its discretion in finding that defendants failed to demonstrate that the balance of relevant interest factors strongly favored dismissal or transfer.

¶ 2 Forty-five individuals[1] (collectively plaintiffs) brought a total of 39 product liability actions in the circuit court of Cook County against Conagra Foods, Inc. and Conagra Brands, Inc. (Conagra), DS Containers, Inc. (DS Containers), and Full-Fill Industries, LLC (Full-Fill Industries) (collectively defendants). Each plaintiff alleged that defendants designed, manufactured, filled, labeled, and sold cooking spray cans which exploded, injuring them. Forty-three of the plaintiffs reside and were injured in a state other than Illinois, and two plaintiffs reside and were injured in Wabash County, Illinois. Conagra resides in Cook County, Illinois; DS Containers resides in Kane County, Illinois; and Full-Fill Industries resides in Vermillion County, Illinois.

¶ 3 The circuit court consolidated the 39 cases for discovery and pretrial only. Subsequently, Conagra, joined by DS Containers and Full-Fill Industries, filed a combined motion to dismiss the out-of-state plaintiffs' actions pursuant to the doctrine of *forum non conveniens* and motion to transfer the in-state plaintiffs' action to the circuit court of Wabash County pursuant to *forum non conveniens* and Illinois Supreme Court Rule 187(c)(1) (eff. Jan. 1, 2018) (the "combined

---

[1] As the above caption indicates, these individuals are Andrea Bearden and Brandon Banks (No. 19-L-4885); Tammy Reese (No. 19-L-5068); Maryann Goldman (No. 19-L-5785); Raveen Sugantharaj (No. 19 -L-6144); Reveriano Duran (No. 19-L-6730); Y'Tesia Taylor (No. 19-L-6733); Jacob Dalton and Paytene Pivonka (No. 19-L-6825); Maria Mariani (No. 19-L-6826); Challis Buck (No. 19-L-7472); Ashley Buckenmeyer-Braatz (No. 19-L-7473); Kamran Ali (No. 19-L-7474); Brianna Kraemer-Burns and Brittany Kraemer-Burns (No. 19-L-7575); Marco Rivera (No. 19-L-7478); Brandon Cox (No. 19-L-7809); Sharlie Prouty (No. 19-L-10434); Marco Rojas, Bryan Aucapina, and Maria Alexandra Maza (No. 19-L-10436); Edward Oliver (No. 19-L-10437); Karen Nelson (No. 19-L-10438); Phil McGovern (No. 19-L-10439); Mark Livesey (No. 19-L-10440); Vashanna Hickman (No. 19 -L-10441); Margaret Hendrix (No. 19-L-10442); Shonda Goodman (No. 19-L-10443); Larry Mulanax (No. 19-L-10444); Deana Adolphson (No. 19-L-10446); Jessica Goldberg and Barbara Mulholland (No. 19-L-10447); Wilfred Ballester (No. 19-L-10449); Linda Cuzzone (No. 19-L-10450); Anna Kaye-West (No. 19-L-10453); James Roberts (No. 19-L-10480); Shannon Brown (No. 20-L-1119); Rochelle Austin (No. 20-L-1120); John Dembowski (No. 20-L-1130); Lavonia Hembree (No. 20-L-1132); Shirley Masson (No. 20-L-1133); Sharon Toomey (No. 20-L-1134); Christopher Wright (No. 20-L-1135); Richard O'Haver (No. 20-L-1139); and Jenna Pinion (No. 20-L-5046).

motion"). The circuit court denied the combined motion.

¶ 4    On permissive interlocutory appeal pursuant to Illinois Supreme Court Rule 306(a)(2) (eff. Feb. 26, 2010), defendants contend that the circuit court abused its discretion when it denied their combined motion as the court failed to properly balance the relevant private and public interest factors. Defendants argue that when the circuit court balanced the relevant interest factors, it (1) placed undue weight on plaintiffs' affidavits and ignored the witnesses' inconvenience, (2) failed to consider that potential jury site visits, third-party actions, and choice-of-law analyses would complicate litigation in Cook County, (3) treated defendants' Illinois residency as a dispositive factor against dismissal or transfer, (4) analyzed plaintiffs' 39 actions as a single action, and (5) improperly found that the circumstances of the COVID-19 pandemic weighed against dismissal or transfer. For the reasons which follow, we affirm.

¶ 5                                    BACKGROUND

¶ 6    Plaintiffs are individuals who reside across the country and allege they were injured by defendants' products. Defendants are Conagra, headquartered in Cook County, Illinois; DS Containers, headquartered in Kane County, Illinois; and Full-Fill Industries, headquartered in Vermillion County, Illinois.

¶ 7    Plaintiffs filed a first amended master complaint[2] asserting that defendants designed, manufactured, filled, labeled, and sold defective cooking spray cans which exploded and injured plaintiffs. The master complaint alleged claims for strict products liability, negligence, and loss of consortium each against Conagra, DS Containers, and Full-Fill Industries. Thereafter, each plaintiff filed a short-form complaint in 39 actions, with some actions containing multiple short-form complaints. These short-form complaints incorporated portions of the master complaint and

---

[2] An original master complaint does not appear in the record.

alleged injuries which took place sometime between May 2017 and September 2019 and occurred in plaintiffs' residences, plaintiffs' workplaces, and outdoor areas. The circuit court consolidated plaintiffs' 39 actions for discovery and pretrial purposes only.

¶ 8    The parties engaged in written discovery. Pursuant to Illinois Supreme Court Rule 213 (eff. Jan. 1, 2018), 43 plaintiffs disclosed that they resided and were injured in 21 different states, and 2 plaintiffs disclosed that they resided and were injured in Wabash County, Illinois. Excluding themselves, plaintiffs disclosed over 100 witnesses with knowledge of the incidents (fact witnesses), and over 200 first responders and medical providers who treated plaintiffs' injuries (medical witnesses). The out-of-state plaintiffs' fact and medical witnesses all resided in different states, except for one who resided in Illinois. Five out-of-state plaintiffs identified witnesses who resided in multiple different states.[3] The in-state plaintiffs' fact witnesses all resided in Wabash County, Illinois and their medical witnesses resided in Wabash County, Indiana, and Kentucky.

¶ 9    Conagra filed a document captioned "Motion To Dismiss/Transfer Venue on Grounds of *Forum Non Conveniens*." This filing was a combined motion containing a motion to dismiss the out-of-state plaintiffs' actions pursuant to *forum non conveniens* and motion to transfer the in-state plaintiffs' action to the circuit court of Wabash County, Illinois pursuant to the doctrine of *forum non conveniens* and Illinois Supreme Court Rule 187(c)(1) (eff. Jan. 1, 2018). The combined motion was thereafter joined by codefendants DS Containers[4] and Full-Fill

---

[3] These plaintiffs are Tammy Reese (No. 19-L-5068); Edward Oliver (No. 19-L-10437); Larry Mulanax (No. 19-L-10444); Deana Adolphson (No. 19-L-10446); and Christopher Wright (No. 20-L-1135).

[4] DS Containers joined the *forum non conveniens* motions in all but four actions: Reese v. Conagra Foods, Inc., No. 19-L-5068 (Cir. Ct. Cook County); Goldman v. Conagra Foods, Inc., No. 19-L-5785 (Cir. Ct. Cook County); Duran v. Conagra Foods, Inc., No. 19-L-6730 (Cir. Ct. Cook County); Taylor v. Conagra Foods, Inc., No. 19-L-6733 (Cir. Ct. Cook County).

Industries.[5] In their combined motion, defendants argued that the circuit court must give less deference to plaintiffs' choice of venue since plaintiffs did not reside and were not injured in Cook County. Defendants asserted that the relevant factors strongly favored dismissal or transfer. Defendants argued that plaintiffs' counties where they resided and were injured were more convenient forums since two of three defendants[6] and all plaintiffs resided outside Cook County, the evidence would be difficult to access, foreign law likely would apply in many of plaintiffs' actions, and defendants would be unable to sue out-of-state third-party defendants over whom the court lacks personal jurisdiction. Defendants also asserted that Cook County's taxpayers and residents should not be burdened by litigation expenses and jury duty and that the circuit court of Cook County is more congested than any of plaintiffs' local forums.

¶ 10    In support of their combined motion, defendants attached a profile for each plaintiff containing facts gleaned from his or her discovery responses. These profiles revealed that the spray cans causing injury had been preserved in 13 of the 39 cases. Each profile contained a table comparing the docket of the plaintiff's home forum with the docket of the circuit court of Cook County. Defendants obtained this docket information from each plaintiff's home state's government website and the 2019 Annual Report of the Illinois Courts.

---

[5] Full-Fill Industries joined the *forum non conveniens* motions in all but nine actions: Reese v. Conagra Foods, Inc., No. 19-L-5068 (Cir. Ct. Cook County); Goldman v. Conagra Foods, Inc., No. 19-L-5785 (Cir. Ct. Cook County); Duran v. Conagra Foods, Inc., No. 19-L-6730 (Cir. Ct. Cook County); Taylor v. Conagra Foods, Inc., No. 19-L-6733 (Cir. Ct. Cook County); Buck v. Conagra Foods, Inc., No. 19-L-7472 (Cir. Ct. Cook County); Buckenmeyer-Braatz v. Conagra Foods, Inc., No. 19-L-7473 (Cir. Ct. Cook County); Kraemer-Burns v. Conagra Foods, Inc., No. 19-L-7475 (Cir. Ct. Cook County); Prouty v. Conagra Foods, Inc., No. 19-L-10434 (Cir. Ct. Cook County); Goodman v. Conagra Foods, Inc., No. 19-L-10443 (Cir. Ct. Cook County).

[6] In their combined motion, defendants treated Conagra Foods, Inc. and Conagra Brands, Inc. as a single defendant.

¶ 11    Defendants also submitted three affidavits in support of their motions. In the first affidavit, Matthew Kuehn, DS Containers' Vice President of Sales, Marketing, and Technical Support, attested that DS Containers' principal place of business is in Kane County, Illinois. Kuehn averred that he is a resident of DuPage County and that he anticipates he will testify at trial.

¶ 12    In the second affidavit, Sonia Waiters, Conagra's Senior Litigation Specialist, averred that Conagra's principal place of business is in Cook County. Waiters attested that 10 employees in Omaha, Nebraska, and four employees in Chicago, Illinois, worked in Conagra's cooking spray business.

¶ 13    In the third affidavit, Chad Steinbaugh, General Manager of Full-Fill Industries, averred that Full-Fill Industries' principal place of business is in Vermillion County, Illinois. Steinbaugh also averred that Full-Fill Industries' employees work in Vermillion County.

¶ 14    In response, plaintiffs contended that their choice of venue was proper since Conagra resided in Cook County. Plaintiffs further contended that plaintiffs' choice of venue should be accorded some deference. Additionally, plaintiffs argued that defendants failed to demonstrate that the relevant factors strongly favored dismissal or transfer since Illinois and Cook County were the most convenient locations for the parties, Illinois and Cook County were the most convenient locations to access evidence, Illinois courts could competently apply foreign law, and defendants demonstrated no intent to file third-party complaints. Plaintiffs further argued that it was not unfair to burden Cook County residents with product-liability litigation expenses and jury duty and that the circuit court of Cook County was well suited to dispose of complex product-liability cases.

¶ 15    The plaintiffs attached to their response 52 disclosed fact witnesses in the out-of-state

plaintiffs' cases who each averred that appearing for trial in Cook County would not be inconvenient. In addition, plaintiffs attached to their response the 2018 Annual Report of the Illinois Courts to support its contention that the circuit court of Cook County disposes of cases more efficiently than the circuit court of Wabash County.

¶ 16    In reply, Conagra[7] argued that the plaintiffs' affidavits were "meaningless" since no witness swore, they would accept a subpoena or voluntarily appear in Cook County. Conagra noted that plaintiffs did not submit affidavits from medical witnesses and that Conagra could not compel out-of-state medical witnesses to appear in court. Finally, Conagra reiterated that the circuit court of Cook County would not have personal jurisdiction over potential third-party defendants and that dismissal or transfer of the plaintiffs' cases were proper.

¶ 17    Without hearing argument, the circuit court denied defendants' combined motion to dismiss and transfer. In a written ruling, the circuit court issued the following findings regarding the relevant *forum non conveniens* factors. The circuit court first addressed the private interest factors. As to the ease of access to evidence and the convenience of the parties, the court found these factors weighed against dismissal or transfer. As to the out-of-state plaintiffs' cases, the circuit court found that defendant failed to demonstrate that any party or witness would be inconvenienced by traveling to Illinois and that plaintiffs provided many affidavits from witnesses averring they would not be inconvenienced by traveling to Illinois. Regarding both the out-of-state and in-state plaintiffs' cases, the court observed that it was "quite ironic" for Conagra to argue that litigating in 22 different states would be more convenient than litigating in Cook County, Illinois—Conagra's principal place of business.

¶ 18     As to the out-of-state plaintiffs' cases, the circuit court observed that defendants are

---

[7] Defendants DS Containers and Full-Fill Industries did not join Conagra's reply.

located in Illinois and almost all of their employee witnesses are in Illinois. The circuit court also found that "the vast majority of witnesses are scattered among so many states that no one forum has a predominant connection to the sources of proof," and that, because of the COVID-19 pandemic, it was likely that most or all witnesses would testify by video. The circuit court did not give much weight to the fact that the medical witnesses are all out of state.

¶ 19    With regard to documentary evidence, the court found that defendants failed to demonstrate why any documents in the country could not be easily produced for trial in Cook County in both the out-of-state and in-state plaintiffs' cases. As to the first two private interest factors, the circuit court found that defendants failed to demonstrate that trying 38 out-of-state cases in various states and the in-state case in Wabash County would be substantially more appropriate and convenient and thus these factors did not weigh in favor of dismissal or transfer.

¶ 20    As to the availability of the compulsory process for attendance of unwilling witnesses, the circuit court found that this factor did not weigh in favor of dismissal or transfer. As to the out-of-state plaintiffs' cases, the court acknowledged that "there would be an issue" compelling out-of-state witnesses but concluded that the same issue would arise in any of the out-of-state plaintiffs' local forums. As to the in-state plaintiffs' case, the court noted that any Illinois witness would be amenable to the state's jurisdiction.

¶ 21    The court also found that defendants failed to demonstrate that the cost of obtaining the testimony of willing witnesses would be significantly greater in Cook County than it would be in the other states or Wabash County. The court also observed that because of the COVID-19 pandemic, remote depositions and testimony would likely be used, and in any venue, jury trials would likely be postponed or delayed. The circuit court did find that the possibility of a jury site visit weighed in favor of dismissal or transfer.

¶ 22    As to other practical considerations, the circuit court found that defendants failed to identify any problem in the out-of-state and in-state plaintiffs' cases that would make a trial in Cook County more expensive and less expeditious than 39 separate trials in plaintiffs' local forums. The circuit court also noted that there were no third-party actions pending and no indication that defendants intended to file any third-party actions. Finally, the circuit court again noted that jury trials would likely be postponed because of safety measures employed during the pandemic.

¶ 23    The circuit court additionally found that defendants did not suggest that Cook County was unable to provide a fair trial and that this factor did not weigh in favor of dismissal or transfer.

¶ 24    Regarding the public interest factors, and as to both the out-of-state and in-state plaintiffs, the court observed that the COVID-19 pandemic had caused every court's docket to become backlogged, and thus this factor weighed against dismissal or transfer.

¶ 25    With respect to deciding local controversies locally, the circuit court further found that although the other states and Wabash County had significant interests in the litigation, Illinois and Cook County had a "slightly stronger interest" since defendants' principal places of businesses were there, defendants' allegedly defective products were available to Illinois and Cook County residents, and product-liability claims were not "inherently local in flavor." For these same reasons, the court found that it was not unfair imposing jury duty on Cook County residents.

¶ 26    Regarding the burden of applying foreign law to the out-of-state plaintiffs' cases, the circuit court found that Illinois had a sufficiently strong connection to the case to justify the burden, and thus, this factor did not weigh in favor of dismissal or transfer.

¶ 27    The circuit court concluded that the balance of the private and public interest factors did not strongly weigh in favor of dismissal or transfer. In so deciding, the circuit court noted that although plaintiffs did not reside and were not injured in Cook County, their choice of venue was still entitled to some deference. Thus, the court ultimately found that defendants failed to meet their burden to demonstrate that the private and public interest factors strongly favored dismissal or transfer.

¶ 28    Thereafter, defendants filed in this court a petition for leave to appeal pursuant to Rule 306(a)(2).  We granted the petition, and this appeal follows.

¶ 29                                   ANALYSIS

¶ 30    On appeal, defendants argue the circuit court failed to properly balance the relevant private and public interest factors in determining defendants' *forum non conveniens* motions, and in doing so, the court (1) placed undue weight on plaintiffs' submitted affidavits and ignored the witnesses' inconvenience, (2) failed to consider that potential jury site visits, third-party actions, and choice-of-law analyses would complicate litigating in Cook County, (3) treated defendants' Illinois residency as a dispositive factor against dismissal or transfer, (4) analyzed plaintiffs' 39 actions as a single action, and (5) improperly found that the COVID-19 pandemic weighed against dismissal or transfer. For the reasons which follow, we affirm.

¶ 31                              Standard of Review

¶ 32    The determination of a *forum non conveniens* motion lies within the sound discretion of the circuit court. *Langenhorst v. Norfolk Southern Ry. Co.*, 219 Ill. 2d 430, 442 (2006) (quoting *Dawdy v. Union Pacific R.R. Co.*, 207 Ill. 2d 167, 176 (2003)). On review, the circuit court's determination will be reversed only if it can be shown that the court abused its discretion in balancing the relevant factors. *Id.* The "abuse of discretion" standard of review is the most

- 14 -

deferential standard of review. *In re D.T.*, 212 Ill. 2d 347, 356 (2004). Consequently, it is

"traditionally reserved for decisions made by a trial judge in overseeing his or her courtroom or

in maintaining the progress of a trial." *Id.* When an abuse of discretion standard applies, the

question is whether the trial court "acted arbitrarily, without employing conscientious judgment,

or whether, in view of all of the circumstances, the court exceeded the bounds of reason and

ignored recognized principles of law so that substantial prejudice resulted." *State Farm Fire &*

*Casualty Co. v. Leverton*, 314 Ill. App. 3d 1080, 1083 (2000); see *Dawdy*, 207 Ill. 2d at 177. In

addition, we may affirm a circuit court's *forum non conveniens* decision on any basis found in

the record. *Benedict v. Abbott Laboratories, Inc.*, 2018 IL App (1st) 180377, ¶ 30; see also *Bell*

*v. Louisville & Nashville R.R. Co.*, 106 Ill. 2d 135, 148 (1985) (asserting in a *forum non*

*conveniens* case that "as a reviewing court, we can sustain the decision of the circuit court \*\*\*

regardless of whether the circuit court's reasoning was correct"). We will thus turn to the record

to determine if there was any abuse of discretion, but first, we set forth the controlling principles

relating to the *forum non conveniens* doctrine.

¶ 33                    *Forum Non Conveniens*: Controlling Principles

¶ 34    The Illinois venue statute provides that "every action must be commenced (1) in the

county of residence of any defendant who is joined in good faith and with probable cause for the

purpose of obtaining a judgment against him or her and not solely for the purpose of fixing

venue in that county, or (2) in the county in which the transaction or some part thereof occurred

out of which the cause of action arose." 735 ILCS 5/2-101 (West 2020). The equitable doctrine

of *forum non conveniens* assumes that there is more than one forum with the power to hear the

case. *Gridley v. State Farm Mutual Automobile Insurance Co.*, 217 Ill. 2d 158, 169 (2005). If

there exists more than one forum, then the doctrine of *forum non conveniens* may be invoked to

determine the most appropriate forum. *Dawdy*, 207 Ill. 2d at 171; *Fennell v. Illinois Central R.R. Co.,* 2012 IL 113812, ¶ 12. The doctrine allows a court to decline jurisdiction and direct the lawsuit to an alternative forum that the court determines can better serve the convenience of the parties and the ends of justice. *Vinson v. Allstate*, 144 Ill. 2d 306, 310 (1991). The doctrine is based on considerations of fundamental fairness and sensible, effective judicial administration. *Id.*

¶ 35    *Forum non conveniens* applies on both an interstate and intrastate basis. *Fennell*, 2012 IL 113812, ¶ 13. In other words, courts may apply *forum non conveniens* when the choice is between forums in different states (an interstate case) or when the choice is between forums in the same state (an intrastate case). *Id.* When the choice is between forums in different states, a plaintiff's home forum is the plaintiff's home state, and when the choice is between forums in the same state, a plaintiff's home forum is the plaintiff's home county. *Kwasniewski v. Schaid*, 153 Ill. 2d 550, 553-54 (1992). Further, an action must be dismissed when an interstate *forum non conveniens* motion is granted (*Fennell*, 2012 IL 113812, ¶ 13) or transferred to the requested Illinois circuit court when an intrastate *forum non conveniens* motion is granted (Ill. S. Ct. R. 187(c)(1) (eff. Jan. 1, 2018)).

¶ 36    Each case is unique and must be considered on its own facts. *Fennell*, 2012 IL 113812, ¶ 21.  In determining whether the doctrine of *forum non conveniens* applies, the circuit court conducts an "unequal balancing test," which means that the balance of relevant private and public interest factors must strongly favor dismissal or transfer of the case before a plaintiff can be deprived of his chosen forum. *First American Bank v. Guerine*, 198 Ill. 2d 511, 526 (2002). The private interest factors include (1) the convenience of the parties, (2) the relative ease of access to sources of testimonial, documentary, and real evidence, (3) the availability of

compulsory process to secure attendance of unwilling witnesses, (4) the cost to obtain attendance of willing witnesses, (5) the possibility of viewing the premises, and (6) all other practical considerations that make a trial easy, expeditious, and inexpensive. *Fennell*, 2012 IL 113812, ¶ 15. The public interest factors include (1) the interests of having local controversies decided locally, (2) the unfairness of imposing jury duty upon residents of a community with no connection to the litigation, and (3) the difficulties caused when litigation is handled in congested venues. *Id.* ¶ 16.

¶ 37    Along with the relevant private and public interest factors, another factor which courts must consider is deference to a plaintiff's choice of forum. *Dawdy*, 207 Ill. 2d at 175-76 (quoting *Griffith v. Mitsubishi Aircraft International, Inc.*, 136 Ill. 2d 101, 107-08 (2003)). A plaintiff's choice of forum is entitled to substantial deference. *Benedict*, 2018 IL App (1st) 180377, ¶ 33. But a plaintiff's choice is not entitled to the same deference in all cases. *Fennell,* 2012 IL 113812, ¶ 18 (citing *Dawdy,* 207 Ill. 2d at 173). When a plaintiff is foreign to the forum selected, the plaintiff's choice is entitled to "*somewhat* less deference." (Emphasis in original.) *Langenhorst*, 219 Ill. 2d at 448. A foreign plaintiff's choice, however, is only accorded less deference as opposed to no deference. *Id.* Further, even when a foreign plaintiff's choice receives somewhat less deference, that choice should not be disturbed unless the balance of relevant factors strongly favors dismissal or transfer. *Hinshaw v. Coachmen Industries, Inc.*, 319 Ill. App. 3d 269, 274 (2001).

¶ 38    Courts apply the above-listed factors in both interstate and intrastate cases. *Guerine*, 198 Ill. 2d at 517. In addition, when determining whether the balance of relevant factors strongly favor dismissal or transfer, the circuit court must evaluate the total circumstances of the case. *Fennell*, 2012 IL 113812, ¶ 17. Defendants bear the burden of demonstrating that the balance of

relevant factors strongly favor dismissal or transfer. *Langenhorst*, 219 Ill. 2d at 444. In addition, defendants bear the burden of demonstrating that plaintiffs' chosen forum is inconvenient and that another forum is more convenient. *Id.*

¶ 39                                            Present Case

¶ 40     Applying the *forum non conveniens* factors to this case, we conclude that the circuit court properly denied defendants' combined motion to dismiss the out-of-state plaintiffs' actions and defendants' motion to transfer the in-state plaintiffs' action. After considering the record, we conclude that the circuit court did not abuse its discretion in determining that defendants failed to meet their burden in demonstrating that the balance of relevant interest factors strongly weighed in favor of dismissal or transfer.

¶ 41                              *Plaintiffs' Choice of Forum*

¶ 42     We first consider what deference is owed to plaintiffs' choice of forum. See *Vivas v. Boeing Co.*, 392 Ill. App. 3d 644, 657 (2009) ("Before weighing the relevant factors, a court must first decide how much deference to give to a plaintiff's choice of forum."). The out-of-state plaintiffs are not residents of Illinois, and none of the alleged conduct occurred in Illinois. Moreover, the in-state plaintiffs are not residents of Cook County, and none of the alleged conduct occurred in Cook County. Therefore, we find that plaintiffs' choice of forum is owed somewhat less deference. See *Langenhorst*, 219 Ill. 2d at 448. Plaintiffs' choice, however, is only accorded less deference as opposed to no deference. See *id.* Although plaintiffs' choice is accorded somewhat less deference, we conclude that plaintiffs' forum choice is nevertheless owed some deference. See *id.* We now consider the relevant private and public interest factors.

¶ 43                               *Private Interest Factors*

¶ 44     We begin by examining the first private interest factor, the convenience of the parties.

This factor does not weigh in a defendant's favor when a defendant is headquartered in the plaintiff's chosen forum. *Benedict*, 2018 IL App (1st) 180377, ¶ 39 (citing *Vivas*, 392 Ill. App. 3d at 658). Further, a defendant may not assert that a plaintiff's chosen forum is inconvenient to the plaintiff. *Langenhorst*, 219 Ill. 2d at 444. As to the out-of-state plaintiffs' cases, Conagra, DS Containers, and Full-Fill Industries are all headquartered in Illinois. As to the in-state plaintiffs' case, Conagra is headquartered in Cook County. Further, using Google Maps, we take judicial notice of the fact that Vermillion County, where Full-Fill Industries is headquartered, is nearly equidistant to Cook County (132 miles away) and Wabash County (127 miles away), and that Kane County, where DS Containers is headquartered, is much closer to Cook County (55 miles away) than Wabash County (288 miles away). See *Peters v. Riggs*, 2015 IL App (4th) 140043, ¶ 49 (asserting that courts may take judicial notice of geographical facts by using Google Maps). Additionally, defendants may not complain that the out-of-state and in-state plaintiffs' choices to litigate in Cook County is inconvenient to plaintiffs; thus, we find that this factor does not weigh in favor of dismissal or transfer. See *Benedict*, 2018 IL App (1st) 180377, ¶ 39 (citing *Vivas*, 392 Ill. App. 3d at 658); *Langenhorst*, 219 Ill. 2d at 444.

¶ 45     We next turn to the second private interest factor, the relative ease of access to sources of testimonial, documentary, and real evidence. Defendants argue that the circuit court abused its discretion when it rendered its determination on this factor. Defendants maintain that the circuit court should have disregarded the plaintiffs' affidavits and that the circuit court ignored the witnesses' inconvenience. We now examine whether the circuit court abused its discretion when it considered this factor.

¶ 46     As to testimonial evidence in each of the out-of-state plaintiffs' actions, the record reflects those plaintiffs and many of their witnesses are connected to plaintiffs' local forums.

Plaintiffs, however, have submitted 52 affidavits from disclosed fact witnesses in the out-of-state plaintiffs' cases. These witnesses aver that it would not be inconvenient to appear for trial in Cook County.

¶ 47    Further, the witnesses' connections do not predominate in any forum in each of the out-of-state and in-state plaintiffs' cases. As to the out-of-state plaintiffs' cases, in five of these plaintiffs' cases, the fact or medical witnesses are located in multiple states. Moreover, defendants' relevant employees are located in Illinois and Nebraska. As to the in-state plaintiffs' case, plaintiffs' medical witnesses are located in Wabash County, Indiana, and Kentucky, and the defendants' relevant employees are located in DuPage County, Kane County, Vermillion County, and Nebraska. Moreover, since the testimony of a plaintiff's treating physician is not "at the heart of the issue" in products liability cases, we may not accord undue weight to the location of the out-of-state and in-state plaintiffs' treating physicians and treatment facilities. See *Ammerman v. Raymond Corp.*, 379 Ill. App. 3d 878, 890 (2008) (citing *Bland v. Norfolk & Western Ry. Co.*, 116 Ill. 2d 217, 227 (1987)). Thus, the witnesses' connections do not predominate in any forum in each of the out-of-state and in-state plaintiffs' cases. See *Quaid v. Baxter Healthcare Corp.*, 392 Ill. App. 3d 757, 768 (2009) ("[W]hen potential witnesses are scattered among different forums, none enjoy[] a predominant connection to the litigation."); *Hinshaw v. Coachmen Industries, Inc.*, 319 Ill. App. 3d 269, 277 (2001).

¶ 48    As to the documentary evidence, it could be easily produced in any state or county in both the out-of-state and in-state plaintiffs' cases. See *Ammerman*, 379 Ill. App. 3d at 890 ("[T]he location of documentary evidence has become less significant because today's technology allows documents to be copied and transported easily and inexpensively."). Finally, with respect to the real evidence in both the out-of-state and in-state plaintiffs' actions,

defendants note that fire debris, stoves, grills, or other heating appliances would be difficult to transport from plaintiffs' localities to Cook County. The defendants, however, do not assert that they intend to admit any of these items into evidence; on the other hand, the spray cans at issue, preserved in 13 of the 39 cases, are easily movable and accessible. See *Wagner v. Eagle Food Centers, Inc.*, 398 Ill. App. 3d 354, 363 (2010). Accordingly, in considering the testimonial, documentary, and real evidence, we find that the second private interest factor does not weigh in favor of dismissal or transfer.

¶ 49     Defendants nevertheless maintain that the circuit court abused its discretion and should have disregarded plaintiffs' affidavits since the witnesses do not assert that Cook County would be a more convenient forum, citing *Ruch v. Padgett*, 2015 IL App (1st) 142972, ¶ 55, and since the affidavits do not resolve all of the scheduling problems associated with a trial away from the witnesses' location, citing *First American Bank v. Guerine*, 198 Ill. 2d 511, 525 (2002), and *Washington v. Illinois Power Co.*, 144 Ill. 2d 395, 402 (1991). These cases, however, do not find that a circuit court may never consider a plaintiff's affidavit if it fails to aver that a plaintiff's forum is more convenient or resolve all potential scheduling problems; neither of these facts are a plaintiff's burden to prove. See *Ruch*, 2015 IL App (1st) 142972, ¶ 55; *Guerine*, 198 Ill. 2d at 525; *Illinois Power Co.*, 144 Ill. 2d at 402. On defendants' combined motion, defendants, not plaintiffs, bear the burden to prove that the balance of factors strongly weighs in favor of dismissal or transfer. See *Langenhorst*, 219 Ill. 2d at 444.

¶ 50     We have also considered the cases that defendants cite in support of their argument that the circuit court abused its discretion by ignoring the witnesses' inconvenience, and specifically, by faulting defendants for failing to demonstrate that any witness would be inconvenienced. See *Hale v. Odman*, 2018 IL App (1st) 180280, ¶ 35; *Buettner v. Parke-David & Co.*, 217 Ill. App.

3d 316, 321 (1991); *Petrillo v. Syntex Labs, Inc.*, 148 Ill. App. 3d 581, 609 (1986). These cases are not persuasive. Defendants, at the very least, could have submitted affidavits from their own employees averring that Cook County was an inconvenient forum but failed to do so. Defendants bear the burden of demonstrating that plaintiffs' chosen forum is inconvenient and that another forum is more convenient. The circuit court did not abuse its discretion by requiring defendants to satisfy their burden in demonstrating that the plaintiffs' chosen forum is inconvenient and that another forum is more convenient. See *Langenhorst*, 219 Ill. 2d at 444. Thus, we find that the circuit court did not abuse its discretion in weighing this factor.

¶ 51 We now consider the third private interest factor, the availability of the compulsory process to secure the attendance of unwilling witnesses. Five of the out-of-state plaintiffs[8] and the in-state plaintiffs identified fact or medical witnesses who reside in different states, so even if these plaintiffs' actions were refiled or transferred to plaintiffs' local forums, there still would be witnesses who would not be subject to the compulsory process. See *Erwin v. Motorola, Inc.*, 408 Ill. App. 3d 261, 277 (2011) ("Where the transfer to some other forum does not solve the compulsory attendance problem, the compulsory process factor is regarded as neutral, and not strongly favoring transfer."). Furthermore, defendants did not identify any witness who would be inconvenienced to testify—let alone identify any witness who would be unwilling to testify. Defendants have the burden to identify unwilling witnesses, and courts are not at liberty to speculate about a witness's whereabouts or unwillingness. See *Benedict*, 2018 IL App (1st) 180377, ¶ 45; *Cradle Society v. Adopt America Network*, 389 Ill. App. 3d 73, 76 (2009); *Brant v. Rosen*, 373 Ill. App. 3d 720, 728 (2007). Further, courts are not at liberty to speculate about what

---

[8]    As stated above, these plaintiffs are Tammy Reese (No. 19-L-5068); Edward Oliver (No. 19-L-10437); Larry Mulanax (No. 19-L-10444); Deana Adolphson (No. 19-L-10446); and Christopher Wright (No. 20-L-1135).

relevant testimony a potentially unwilling witness might provide. See *Erwin*, 408 Ill. App. 3d at 277. Accordingly, we find that this factor does not weigh in favor of dismissal or transfer.

¶ 52    We next address the fourth private interest factor, the cost to obtain attendance of willing witnesses. We observe that the cost of securing attendance of the out-of-state and in-state plaintiffs' witnesses would be substantial; however, if trials were conducted in each of plaintiffs' local forums in 21 different states and Wabash County, the costs of securing defendants' witnesses, located in Illinois and Nebraska, also would be substantial. Thus, we find that this factor does not weigh in favor of dismissal or transfer.

¶ 53    The fifth private interest factor is the possibility of having a jury view the scene. Since there is a possibility a trial court may allow a jury to view the scene in each of the out-of-state and in-state plaintiffs' actions, we find this factor weighs in favor of dismissal or transfer. *Dawdy*, 207 Ill. 2d at 178-79. Defendants nevertheless argue that the circuit court abused its discretion by discounting the possibility that the jury would view the scene. The circuit court, however, did acknowledge this possibility and found this factor weighed in defendants' favor. Thus, we find that the circuit court did not abuse its discretion in considering this factor.

¶ 54    We now address the sixth private interest factor, which is whether other practical considerations make trial easy, expeditious, and less expensive. This factor includes considering whether third parties would be amenable to Illinois jurisdiction and the circuit court's burden of conducting a choice-of-law analysis and applying foreign law. Defendants argue that the circuit court abused its discretion when it rendered this determination. Defendants assert that the circuit court ignored controlling precedent when it addressed possible third-party actions and did not consider the likely added burden of applying foreign law.

¶ 55    In considering possible third-party actions as to both the out-of-state and in-state

plaintiffs' cases, we find instructive *Woodward v. Bridgestone/Firestone, Inc.*, 368 Ill. App. 3d 827 (2006). In *Woodward*, one of the plaintiffs was driving a vehicle in Australia when the vehicle's tire delaminated and caused the vehicle to roll over. *Woodward*, 368 Ill. App. 3d at 829. An eyewitness arrived at the scene and attempted to warn oncoming traffic, but the plaintiff's vehicle was struck by another vehicle. *Id.* That plaintiff and his spouse sued in Illinois the tire manufacturer and vehicle manufacturer. *Id.* The defendants then moved to dismiss the suit pursuant to *forum non conveniens*, arguing that if the plaintiff's lawsuit proceeded in Illinois, then the defendants would not have the choice to file third-party actions against the eyewitness, the driver who crashed into the plaintiff, or other witnesses since these third parties were located in Australia and not amenable to Illinois jurisdiction. *Id.* at 835. The reviewing court, however, found that it would have been premature to dismiss the action on that basis since "the defendants have not filed [a third-party] action and the record contains no indication that they plan to do so." *Id.*

¶ 56    Like the defendants in *Woodward*, defendants in the case at bar have not filed any third-party actions and the record does not demonstrate any intention to do so; therefore, it would have been premature for the circuit court to dismiss and transfer plaintiffs' actions on that basis. See *id.*

¶ 57    Defendants nevertheless maintain that the circuit court erred, citing *Quaid v. Baxter Healthcare Corp.*, 392 Ill. App. 3d 757 (2009). In *Quaid*, a California hospital incorrectly administered to the plaintiffs' children the medication Heparin instead of Hep-lock, and the plaintiffs sued the medications' manufacturer in Cook County. *Id.* at 759. The manufacturer filed a motion to dismiss pursuant to *forum non conveniens*, which the circuit court granted. *Id.* at 762. We affirmed and, as to potential third-party actions, found the hospital not being amenable to

Illinois jurisdiction weighed in favor of dismissal, asserting that "[w]hile defendant has not yet filed a third-party complaint against [the hospital], it apparently contemplates such a filing, since it raised this issue in its motion to dismiss ***." *Id.* at 770-71. Quoting this language, defendants in this case argue that since they raised in their motion that they would be unable to sue out-of-state third parties, the circuit court should have found that this possibility weighs in defendants' favor.

¶ 58    Defendants, however, fail to quote the next several sentences in *Quaid*, in which we distinguish *Quaid* from *Woodward*: "[I]n *Woodward*, the potential third-party defendants' liability was far from clear ***. Here, it could be argued that plaintiffs' complaint establishes at least some liability on the part of [the hospital]." *Id.* Additionally, in *Quaid* we found *Woodward* further distinguishable since "the decision to use the product in that case was made by the plaintiff instead of a third party." *Id.* at 772.

¶ 59    We find the case at bar distinguishable from *Quaid*. In *Quaid*, the hospital's potential third-party liability was clearer than any potential third-party liability in this case. See *id.* at 771. Further, the decision to use the product at issue here was made by plaintiffs, not third parties. See *id.* at 772. Moreover, unlike the *Woodward* defendants, who at least identified potential third-party defendants but whose argument as to third-party defendants still failed, defendants in the case at bar have not even identified any potential third-party defendants. See *Woodward*, 368 Ill. App. 3d at 835. Instead, defendants merely assert that "nothing can be inferred from the fact that third-party claims have not yet been filed."

¶ 60    With respect to the burden of conducting a choice-of-law analysis and applying foreign law, "[a] choice-of-law determination is required only when a difference in law will make a difference in the outcome." *Townsend v. Sears, Roebuck & Co.*, 227 Ill. 2d 147, 155 (2007). As

we stated above, defendants have the burden of proof, and they have not argued that a choice-of-law determination will make a difference in the outcome of this suit. See *id.* Even if we were to assume that the other states' laws apply, this factor is not dispositive. *Benedict*, 2018 IL App (1st) 180377, ¶ 63 (quoting *Vivas*, 392 Ill. App. 3d at 662). Moreover, "[a]n Illinois court is competent to determine which law applies to this controversy and to apply the law of [foreign forums], if necessary." *Woodward*, 368 Ill. App. 3d at 837. Accordingly, we find that this factor does not weigh in favor of dismissal or transfer, and the circuit court did not abuse its discretion in weighing this factor. See *Benedict*, 2018 IL App (1st) 180377, ¶ 64.

¶ 61                                    *Public Interest Factors*

¶ 62     Next, we address the relevant public interest factors, the first being the interests of having local controversies decided locally. Defendants argue that the circuit court abused its discretion in weighing this factor, asserting that the circuit court incorrectly found that Illinois and Cook County had a "slightly stronger interest" in each of the out-of-state and in-state plaintiffs' cases.

¶ 63     We acknowledge that in both the out-of-state and in-state plaintiffs' actions, the other states, and Wabash County where plaintiffs' injuries occurred have a substantial interest in plaintiffs' litigation. *Dawdy*, 207 Ill. 2d at 183. Illinois and Cook County, however, also have a substantial interest in deciding "whether a corporation, whose principal place of business and headquarters are here, sent forth a product that injured citizens across the nation." *Benedict*, 2018 IL App (1st) 180377, ¶ 62. The residents of Illinois and Cook County "have an interest in ensuring the safety of the products that its corporations build and ship throughout the world," particularly when those corporations have their headquarters here. *Id.* (quoting *Vivas*, 392 Ill. App. 3d at 661). Therefore, since Illinois and Cook County have significant interests in plaintiffs' litigation, we find that this factor does not weigh in favor of dismissal or transfer.

¶ 64    Citing *Schuster v. Richards*, 2018 IL App (1st) 171558, ¶ 37, defendants further argue that the circuit court abused its discretion in finding that Illinois had a "slightly stronger interest" in the litigation. In *Schuster*, we stated that the location of the accident resulting in the litigation is the most substantial factor in giving any county a local interest. But the fact that plaintiffs' injuries occurred in different states and a different county is of less significance because product liability cases have broader implications. See *Ammerman*, 372 Ill. App. 3d at 892. Moreover, in these product liability cases, any local interest is largely supplanted by a more general interest in the safety of defendants' cooking spray products. See *Hinshaw*, 319 Ill. App. 3d at 278. Consequently, we find that the circuit court did not abuse its discretion in weighing this factor.

¶ 65    We now turn to address the second public interest factor, the unfairness of imposing jury duty upon residents of a community with no connection to the litigation. Our supreme court has found that it is not unfair to impose jury duty when plaintiffs' forum has a significant interest in the dispute. *Dawdy*, 207 Ill. 2d at 183. Since we have found that Illinois and Cook County have a significant interest in the out-of-state and in-state plaintiffs' disputes, we find that this factor does not weigh in favor of dismissal or transfer. See *Benedict*, 2018 IL App (1st) 180377, ¶ 62 (quoting *Vivas*, 392 Ill. App. 3d at 661); *Dawdy*, 207 Ill. 2d at 183.

¶ 66    Finally, we address the third public interest factor, which addresses the difficulties caused when litigation is handled in congested venues. The circuit court found that this factor does not weigh in favor of transfer or dismissal.

¶ 67    This factor is "relatively insignificant." *Fennell*, 2012 IL 113812, ¶ 43. Accompanying their motions to dismiss and transfer, defendants attached a table comparing the docket of the plaintiff's home forum with the docket of the circuit court of Cook County. Defendants obtained this information from each plaintiff's home state's government website and the 2019 Annual

Report of the Illinois Courts.

¶ 68    We may take judicial notice of information published on government websites (*Leach v. Department of Employment Security*, 2020 IL App (1st) 190299, ¶ 44), and our supreme court has found that the Annual Report of the Illinois Courts is a proper source of reference in assessing court congestion. *Washington v. Illinois Power Co.*, 144 Ill. 2d 395, 403 (1991). We will therefore rely on the information that defendants have provided. After considering this information, we find that defendants have demonstrated that the circuit court of Cook County is more congested than each of plaintiff's home forums, and therefore, we cannot agree with the circuit court's assessment that this factor does not weigh in favor of dismissal or transfer.

¶ 69    Defendants have demonstrated that out of the nine relevant private and public interest factors, only two factors, the possibility of a jury site viewing and court congestion, a "relatively insignificant" factor, weigh in favor of dismissal or transfer. See *Fennell*, 2012 IL 113812, ¶ 43. We, however, must accord some deference to plaintiffs' forum choice. See *Langenhorst*, 219 Ill. 2d at 448. Additionally, the circuit court is afforded considerable discretion in its ruling. *Id.* at 441. Therefore, based on our review, we cannot say the circuit court's weighing of the private and public interest factors was so unreasonable that no court would take its position. Thus, we conclude that the circuit court did not abuse its discretion in finding that defendants failed to demonstrate that the balance of relevant factors strongly favor dismissal or transfer. *Langenhorst*, 219 Ill. 2d at 444.

¶ 70    In reaching this conclusion, we have considered the cases supporting defendants' contention that the circuit court abused its discretion by treating defendants' locations as a dispositive factor. See *Fennell,* 2012 IL 113812; *Hansen-Runge v. Illinois Central R.R. Co.*, 2020 IL App (1st) 190833. The circuit court's order, however, does not treat defendants'

locations as a dispositive factor. The circuit court properly considered and weighed all the relevant interest factors, and the court found that several factors, besides defendants' locations, did not weigh in favor of dismissal or transfer. The circuit court, for example, found that plaintiffs' choice of venue was owed some deference, that the vast majority of defendants' potential witnesses were located in Illinois and Cook County, and that defendants failed to demonstrate that it filed or intended to file any third-party actions. Since the circuit court did not treat defendants' locations as dispositive, this argument fails.

¶ 71    In addition, we find unpersuasive defendants' argument that the circuit court abused its discretion in considering the COVID-19 pandemic as a factor. A circuit court's decision is an abuse of discretion when it is arbitrary, fanciful, or unreasonable, or when no reasonable person would take the same view. *Palacios v. Mlot*, 2013 IL App (1st) 121416, ¶ 18. An abuse of discretion standard is "highly deferential to the trial court." *Wilson v. Moon*, 2019 IL App (1st) 173065, ¶ 53. The circuit court observed that due to the pandemic, witnesses may have to testify virtually or by video and court dockets throughout the country could be impacted. We agree with the circuit court that the pandemic may continue to cause witnesses to testify virtually or by video and impact court dockets. These observations, therefore, were not fanciful, and we cannot say they were so unreasonable that no person would take the view of the circuit court. See *Palacios*, 2013 IL App (1st) 121416, ¶ 18.[9]

———————————————

[9] Moreover, we need not address defendants' remaining contention that the circuit court improperly analyzed plaintiffs' 39 actions as a single action. The circuit court was well aware numerous actions had been consolidated together as evidenced by, not only the caption of the matter, but also by the court's written order. The circuit court is presumed to know the law and follow the law. See *Guns Save Life, Inc. v. Raoul*, 2019 IL App (4th) 190334, ¶ 17. Additionally, defendants failed to raise this issue at any time in the proceedings below, such as in a motion to reconsider, and have therefore forfeited the issue on appeal. See *Lange v. Freund*, 367 Ill. App. 3d 641, 648-49 (2006). Also, we have already concluded that the circuit court did not abuse its discretion in finding that defendants failed to demonstrate that the balance of relevant factors did

¶ 72    Accordingly, the judgment of the circuit court is affirmed.

¶ 73                                    CONCLUSION

¶ 74    For the reasons stated above, we affirm the judgment of the circuit court of Cook County.

¶ 75    Affirmed.

_____

not strongly weigh in favor of dismissal or transfer. Thus, any further analysis of these factors is unnecessary. See *In re Jonathan P.*, 399 Ill. App. 3d 396, 400 (2010). Furthermore, we may affirm the circuit court's *forum non conveniens* decision on any basis found in the record. *Benedict*, 2018 IL App (1st) 180377, ¶ 30; see also *Bell v. Louisville & Nashville R.R. Co.*, 106 Ill. 2d 135, 148 (1985).